[No. 3,853.]

CAROLINE HAWES, ADMINISTRATRIX OF THE ESTATE OF HORACE HAWES, DECEASED, v. HORATIO STEBBINS, HORACE DAVIS, J. W. BRITTON, GEORGE H. HOWARD, AND EDWARD P. EVANS.

DEED.—A conveyance which creates an estate of freehold to commence in the future is void.

CONVEYANCE TO TAKE EFFECT IN FUTURE.—A deed which conveys an estate of freehold to commence upon the death of the grantor, but reserves to the grantor the use, enjoyment and possession of the property during his natural life, is void.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Horace Hawes was a resident of San Francisco, and the owner of a large amount of valuable real estate, lying in San Francisco and in the county of San Mateo. On the 24th of February, 1871, he executed a deed of the real estate to the defendants, in trust, for the establishment and

maintenance of an institution for the diffusion of knowledge, to be called the "Mont Eagle University." Hawes died on the 12th day of March, 1871.

On the 31st day of December, 1871, the plaintiff, who was the widow of Hawes, received letters of administration on his estate. Soon after, she commenced this action. She averred in her complaint that the deed was not recorded during the life of Hawes, and was not intended to take effect during his life, and attached to her complaint a copy of the deed. The defendants, in their answer, admitted that they claimed the property by virtue of the deed, but denied that it was invalid. The plaintiff demurred to the answer and the demurrer was sustained. . Final judgment was then rendered for the plaintiff. The defendants appealed.

The other facts are stated in the opinion.

*Lloyd Baldwin* and *S. L. Johnson* and *E. J. Pringle*, for the Appellants.

1. The reservation of "an estate coupled with the possesion," etc., to continue during the life of the grantor does not prevent the remainder in fee from vesting immediately. (*Richardson* v. *York*, 2 Shepley, 216.)

2. The common law rule against freeholds to commence *in futuro*, is not applicable to trust estates.

3. The reason of this common law rule is of purely feudal origin, and is founded upon the requisite of livery of seizin, without which a freehold estate could not be conveyed. (2 Black * 104.)

Without livery of seizin the feoffee had a mere estate at will. The delivery of corporeal possession was held absolutely necessary. *Nam feudum sine investitura nullo modo constitui potuit.*

A freehold—"the possession of the soil by a freeman,"—could only be conveyed by livery of seizin; and, conversely, when such livery was made, no life estate—that is, freehold—could by any possibility remain in the feoffor. Such was the logic of the common law upon which rested the "stubborn dogma" that an estate of freehold could not be created to commence *in futuro*.

4. But this formality is long since dispensed with. A deed takes effect from its delivery. Title vests upon delivery of the deed, not upon livery of seizin. The grantee has a right of entry the moment his deed is delivered. (*Wattson* v. *Dowling*, 26 Cal. 125; 4 Greenl. Cruise's Dig. p. 47, note 2; 2 Washburn, 154.)

5. The common law requiring livery to complete a conveyance is "repugnant to and inconsistent with" the first section of the Act concerning conveyances, which says that "conveyances of lands or of any estate or interest therein may be made by deed," etc. (1 Hitt. 643.)

Livery is no part of a deed, therefore the Statute of 1850, 1 Hitt. 599, adopting the common law of England as "the rule of decision," (whatever that may mean), did not bring "livery of seizin," or "investiture," or any of their consequences into our method of conveyancing.

*J. C. Bates*, for the Respondent.

We maintain that by any reasonable construction of the deed, it must be construed to create a freehold commencing *in futuro*, and therefore void as a deed of bargain and sale at common law. (Blackstone's Com. by Wend. Vol. 2, pages 165 and 166; Kent's Com. Vol. 4, page 235; Wash. on Real Property, Vol. 2, page 123; Hilliard on Real Property, 2d ed., Vol. 1, 90, Vol. 2, 314; Greenleaf's Cruise on Real Property, Vol. 1, page 53; *Brewer* v. *Hardy*, 22 Pick. 380; *Gale* v. *Coburn*, 18 Pick, 400; *Parker* v. *Nichols*, 7 Pick. 115; *Welch* v. *Foster*, 12 Mass. 96; *Pray* v. *Pierce*, 7 Mass. 381; *Wallis* v. *Wallis*, 4 Mass. 136; *Farley* v. *Cleveland*, 4 Cowen. 432; *Singleton* v. *Bremer*, 4 McCord, S. C. 12; *Roe* v. *Tranmer*, 2 Wilson's, 77; *Turner* v. *Scott*, 51 Pa. 126; *Marden* v. *Chase*, 32 Maine, 329; *Spalding* v. *Grigg*, 4 Ga. 81.)

The following States have changed the law in reference to freeholds to commence *in futuro*—New York, Michigan, Wisconsin, Indiana, Alabama, Iowa, Mississippi, Missouri, Kansas, Texas, Virginia, Kentucky (2 Wash. on Real Property, page 265), and finally California (Civil Code, Sec. 767.)

By the Court, RHODES, J.:

This is an action brought by the administratrix of the estate of Horace Hawes, deceased, to quiet the title to certain real estate of which it is claimed the said Horace Hawes died seized, and which descended to his widow and heirs-at-law. The defendants by their answer, claim to be the owners in fee of the said real estate; and they found their claim of title upon a certain instrument, called " the deed of foundation of Mont Eagle University," which they allege was executed by Horace Hawes in his lifetime, to-wit: on the 24th day of February, 1871. The plaintiff demurred to the answer, on the ground that it did not state sufficient facts to constitute a defense—that is to say, that the deed is void. The demurrer was sustained.

The deed purports to "give, grant, alien and convey" unto the defendants, their associates and successors, the real estate in controversy, in trust for the establishment and maintenance of Mont Eagle University, "to have and to hold the above granted lands and property, subject to the reservations aforesaid, unto the said parties of the second part, their associates and successors, to be appointed as hereinafter provided forever." One of the reservations which precede the habendum clause, is as follows: "Reserving also unto the said grantor and party of the first part, in all the property herein granted and conveyed, an estate coupled with the possession and the rents, issues and profits thereof, to continue for and during his natural life." The other reservations need not be noticed.

The instrument under consideration was evidently intended as a deed, and not as a covenant to stand seized to uses, or as a will.

The plaintiff's position is that the instrument is to be construed as creating a freehold, to commence *in futuro*, and therefore void. The common law of England was adopted by the statute of this State as the rule of decision. One of the rules of the common law is that an estate of freehold cannot be granted to commence *in futuro*, without the creation, at the same time, of a particular estate, which vests in

immediate possession in some other person (2 Blackst. Com. 165; 4 Kent's Com. 233). The rule was undoubtedly of feudal origin, as suggested by the defendants; and after livery of seizin was no longer necessary to effectuate a conveyance of the estate the rule became a technical one; but it remained, and still remains, a rule of property, where not abrogated by statute. It has often been recognized and enforced in the Courts of the several States. (See *Wallis* v. *Wallis*, 4 Mass. 136; *Pray* v. *Pierce*, 7 Mass. 384; *Gale* v. *Coburn*, 18 Pick. 400; *Brewer* v. *Hardy*, 22 Pick. 380; *Marden* v. *Chase*, 32 Me. 33; *Singleton* v. *Bremer*, 4 McCord, 151.) In *Gale* v. *Coburn*, *supra*, the grantor reserved to himself an estate for life, in words quite similar to those in this case, and on the question before us the Court said: "In the first place, we think that by any reasonable construction of this deed it must be construed to create a freehold commencing *in futuro*, and that it would be a forced construction to consider it as passing a freehold to the grantee, presently, and creating a new estate for life to the grantor, by way of reservation. The whole and entire estate is reserved to the grantor for his life. The words 'the right to use, occupy, and enjoy' an estate, in a grant, operate to transfer the estate, and create a freehold when such right is for life, and I see no reason why they should not have the same effect in a reservation or exception. And the words added in this deed, 'free of all rent or charge whatever, and all molestation in the same,' thereby vesting the entire possession and occupation, as well as the use and enjoyment, strengthen the conclusions derived from the use of those words, and constitute an absolute estate for life in the grantor. Whether a particular provision in a deed constitutes an exception or reservation, technically, does not depend on the use of the word "except," or the word "reserve," but upon the nature and legal effect of the provision itself. The effect of this deed, I think, is to grant the land in fee to the grantee, but with this qualification, that the grantor is first to have a freehold estate in it for his own life. Such a conveyance, if regarded as a feoffment or bargain and sale, is contrary to the rules of law, and cannot be maintained." Many other cases

might be cited to the same effect, but in view of the uniformity of the decisions on the question, it is unnecessary to do so. The rule, though it had its origin when titles were usually conveyed by livery of seizin, has so constantly been upheld as a rule of property, since deeds were substituted as the mode of conveying titles to real estate, that it ought not to be disturbed by any action of the Court. The remedy, if one be needed, should be provided by statute, for it would then be prospective only in its operation; and it has, in fact, been furnished by section 767 of the Civil Code.

Judgment affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.