[S. F. No. 5306.    Department Two.—September 30, 1910.]

EDWARD JOSEPH BARRY, Respondent, v. ALL PERSONS CLAIMING ANY INTEREST IN OR LIEN UPON THE REAL PROPERTY HEREIN DESCRIBED OR ANY PART THEREOF. WALTER A. BARRY et al., Appellants.

FUTURE ESTATE—INTERVENTION OF PRECEDENT ESTATE NOT NECESSARY TO CREATION.—The rule of the common law against the creation of legal estates to commence *in futuro*, without the intervention of a precedent estate, has been abolished in this state. The contrary rule is established by section 767 of the Civil Code.

ID.—DAMAGES AWARDED FOR FRIVOLOUS APPEAL.—It being apparent that the appeal in this case was taken solely for the purpose of vexing respondent and clouding his title, damages in the sum of one hundred dollars are awarded respondent against the appellants for prosecuting a frivolous appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

F. W. Sawyer, for Appellants.

Perry & Dailey, for Respondent.

HENSHAW, J.—This is an action to quiet title under the McEnerney Act. Walter A. and J. W. Barry appeared as defendants and answered. Judgment passed for plaintiff. In their answer they attack the validity of the deed under which plaintiff claimed title, upon the ground that its execution had been procured through undue influence, and that it was given without consideration. No evidence to sustain these contentions was offered at the trial, and it appeared further that this was not the only nor yet the principal source of plaintiff's title. Upon this appeal the appellants make the point, for the first time, that the deed to which reference has been made, is void as an attempt to create an estate to commence *in futuro.* This is the sole proposition urged, and the only case from this state offered in support of it is that of *Hawes* v. *Stebbins,* 49 Cal. 369. *Hawes* v. *Stebbins,* as the slightest inspection of the case will disclose, grew out of facts and conditions existing prior to the adoption of the code provisions changing the rule, and its decision was governed by the well-recognized common-law rule resting for its origin in delivery of seisin. That rule has long since been abrogated in this state. Indeed, it was abrogated at the time *Hawes* v. *Stebbins* was decided and reference in the opinion is made to the fact in the following language: "The remedy, if one be needed, should be provided by statute, for it would then be prospective in its operation, and it has, in fact, been furnished by section 767 of the Civil Code." Section 767 of the Civil Code provides in terms that "A future estate may be limited by the act of the party to commence in possession at a future day, either without the intervention of a precedent estate or on the termination, by lapse of time or otherwise, of a precedent estate created at the same time." (See, also, Civ. Code, sec. 773.) In *Blakeman* v. *Miller,* 136 Cal. 138, [89 Am. St. Rep. 120, 68 Pac. 587], it is said: "The technical rule against the creation of future estates applied only to legal estates, and even as to them is now abolished." It is thus manifest that this appeal is frivolous, that the untenableness of appellants' position was demonstrated before their eyes in the one and only case from this state which they cite as authority. The conviction is irresistible that the appeal was taken only for the purpose of vexing respondent and clouding his title.

The judgment herein not being a money judgment, there is

no accumulated interest to compensate for the delay. It is, therefore, adjudged that the judgment appealed from be affirmed, with a penalty against appellants in favor of plaintiff of one hundred dollars for taking and prosecuting a frivolous appeal.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.