[Civ. No. 5908.   Second Appellate District, Division Two.—April 4, 1928.]

AARON TETENMAN et al., Respondents, v. LEON MELE-KOV et al., Appellants.

Duke Stone and Hugh L. Dickson for Appellants.

Harry Sherr and Albert Sidney Brown for Respondents.

HAZLETT, J., *pro tem.*—This action was brought to require defendants Leon Melekov and Mary Melekov, his wife, to specifically perform an agreement of exchange of real properties made between plaintiffs and defendant Leon Melekov. The trial court decreed that defendants Leon Melekov and Mary Melekov specifically perform as prayed for in the complaint, by delivering their deed and paying $1,500 to the use and benefit of plaintiffs according to the agreement and certain escrow instructions made by the parties to carry the agreement into effect.

Defendants Leon Melekov, Mary Melekov, and Standard Construction Company appeal from the decree, but they filed no brief in reply to respondents' brief.

The original agreement was executed on August 7, 1926, is in two parts, the first being a proposition to trade signed by plaintiffs, and the second part an acceptance signed by defendant Leon Melekov, and the descriptions of the properties are somewhat indefinite in some particulars, but the descriptions therein are such that under proper allegations in the pleadings the properties could be identified from them by the use of extrinsic evidence, following the rules announced in *Joyce* v. *Tomasini*, 168 Cal. 234 [142 Pac. 67], and *McKevitt* v. *Sacramento*, 55 Cal. App. 117 [203 Pac. 132]. The encumbrances against the properties were also sufficiently identified and described.

Three days after the agreement was made the parties established an escrow with defendant Bank of Italy for the purpose of completing the agreed exchange, and plaintiffs on their part gave their escrow instructions to defendant bank, and defendant Leon Melekov separately on his part gave the bank his escrow instructions. Each of the instructions described the properties by their legal descriptions and the encumbrances against each property.

Plaintiffs put into the escrow their grant deed of their property, running to defendant Standard Construction Company, and defendants Leon and Mary Melekov also put in their grant deed of their property running to plaintiff Etty Tetenman but defendant Leon Melekov failed to acknowledge it. Each deed described the property intended to be

conveyed by it by its legal description as contained in the escrow instructions and in the complaint. Defendant Leon Melekov deposited $500 in the escrow and agreed to deposit $1,000 more later, to be paid to plaintiffs. Before the time limited for closing the escrow arrived, defendant Leon Melekov, without just cause, withdrew the deed and moneys he had placed in the escrow and refused to proceed with the exchange.

The complaint alleges the agreement of exchange, describes the real properties by the legal descriptions as contained in the escrow instructions, and refers to a copy of the original agreement attached to and made a part of the complaint for the terms and conditions of the agreement; and alleges the escrow and that it was made pursuant to and in connection with the original agreement; that plaintiffs had performed the agreement and are ready and able to carry out the agreement on their part; that the agreement and agreed exchange are fair, just, and equitable as to defendants, and a breach of the agreement and escrow by defendant Melekov, and prays for a decree of specific performance.

The answer of defendants Melekov denies the execution of an agreement as alleged in the complaint, and alleges that defendant Leon Melekov and plaintiffs did enter into an agreement of exchange of the properties described in the complaint and at the time therein alleged, but that defendant Leon Melekov was induced to execute the agreement by reason of certain alleged false representations made by plaintiff Aaron Tetenman, because of which alleged false representations he refused to conclude the trade, and denied that plaintiffs performed the agreement on their part or that agreement was fair, just or equitable as to defendants Melekov.

The evidence produced shows the following additional facts without conflict: That the agreed exchange of properties was fair, just and equitable as to defendants Leon and Mary Melekov, in this, that the net value of plaintiffs' property, after deducting encumbrances, was approximately $11,675, and the net value of the property of defendants Melekov, after deducting encumbrances, together with $1,500 cash to be paid by them, made the net value to pass from them to plaintiffs' aggregate $10,500. These values were

shown by the evidence produced by plaintiffs and not controverted by defendants.

Defendants Leon and Mary Melekov and Standard Construction Company admitted at the trial that defendant Leon Melekov requested plaintiffs to make their deed to defendant Standard Construction Company, and the escrow instructions signed by defendant Leon Melekov call for a deed running from plaintiffs to that company.

The allegations of false representations made in the answer were not sustained, and appellants do not contend that they were proved. In fact, this appeal is based wholly upon other grounds, as will hereinafter appear.

Appellants contend that the agreement of exchange is so indefinite and uncertain that a court of equity cannot enforce it in all particulars, because: (a) of the differences in the descriptions of the properties as contained in the agreement and in the complaint; (b) the descriptions of defendants' property in the agreement is too uncertain and indefinite; (c) the description of the encumbrances on both properties renders the agreement uncertain; (d) there is uncertainty as to whom the $1,500 should go; (e) plaintiffs' deed was made to defendant Standard Construction Company instead of to the person designated in the agreement or escrow instructions, which rendered the agreement and escrow instructions uncertain, unintelligible, and unilateral and made them lack mutuality. Appellants also call attention to the fact that reformation of the agreement was not sought by plaintiffs, and contend that the escrow instructions, which they name in their brief herein "the escrow agreement," and the deed to the defendant Standard Construction Company constituted an entirely new transaction. They also contend that the proof fails to show that the consideration moving to appellants or to any of them in the exchange was fair and equitable.

■ The agreement and escrow instructions constitute one contract and should be so considered and construed, as provided in section 1642 of the Civil Code.

■ Appellants' contentions have no merit.

While it is true that the description of either property in the agreement is not as definite as in the escrow instructions and complaint, defendants Melekov admit in their answer that they made an agreement of exchange with plaintiffs,

covering the properties fully described in the escrow instructions and complaint; the original agreement was received in evidence without objection, the encumbrances were described in the original agreement, and more definitely described in the escrow instructions, and the evidence shows without conflict that for the purpose of carrying out the original agreement the parties thereto executed the escrow instructions, and placed their deeds in the escrow. By those subsequently executed papers, documents and pleadings the parties construed the original agreement and resolved all doubts as to the descriptions of the properties found in it. By their acts they showed that they were under no misapprehension as to what was the property to be exchanged.

The contention that there is uncertainty in regard to the payee of the $1,500 cash is an attempt by appellants to fly in the face of the simplest language. In the first part of the agreement plaintiffs call for the payment to them of that amount by defendant Leon Melekov in the following language, after providing for the exchange of equities in the properties, to wit: "and $1500.00 cash to me." The word "me" in this connection can mean only the plaintiffs.

The remaining contentions made by appellants are so clearly without merit and the answers are so obvious that we do not deem it worth while to dignify those contentions by further answering them.

The points made by appellants are unjustifiable, the appeal is frivolous and was taken for the purpose of delaying and harassing respondents and tying up the properties involved in the action, each of which was encumbered by mortgage and appellants' property also by a second encumbrance in the nature of a deed of trust.

The judgment is affirmed, with instructions to the trial court to enter a judgment in favor of respondents and against appellants for the sum of $100 and costs of appeal.

Works, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 4, 1928.