[Sac. No. 4570. In Bank.—August 7, 1932.]

C. V. SEIDELL et al., Appellants, v. TUXEDO LAND COMPANY (a Corporation) et al., Respondents.

W. T. Belieu for Appellants.

Charles M. Jones for Respondents.

CURTIS, J.—Plaintiffs, who are husband and wife, are the owners of certain real property situated in the county of Glenn. They acquired the property by deed dated January 23, 1930, and executed by J. R. and Frances R. Covington, which deed contained a recital in the following words: "Subject to a deed of trust dated August 25, 1925, and recorded August 25, 1926, in Book 97 of Trust Deeds at page 313." The consideration paid by them for said real property was their own unsecured note for $500. Plaintiffs instituted this action for the purpose of enjoining the sale of said real property under proceedings brought to foreclose said deed of trust. The regularity of said proceedings

is not questioned. No claim is made that the promissory note, mentioned in said deed of trust, or any part thereof, has been paid, nor that it was not long past due at the time of the institution of said foreclosure proceeding. Plaintiffs admit that at the time they acquired said real property they had actual as well as constructive notice of said deed of trust, and of the indebtedness which it was given to secure. The principal ground upon which the plaintiffs relied for relief before the trial court against the defendants was that while J. R. and Frances R. Covington executed and delivered said trust deed, they did not execute the promissory note described and mentioned therein. Upon this issue the trial court found that said deed of trust was given to secure a promissory note for the sum of $9,400 and interest, no part of the principal of which had been paid except the sum of $700, and that said note was the property of the defendant, the Tuxedo Land Company. The plaintiffs have appealed and they now make the same point here that they made before the trial court.

The evidence shows that the land described in the deed of trust was formerly owned by Lulu L. Spencer, who conveyed it to J. R. Covington and Frances R. Covington by deed dated August 25, 1925. The deed of trust involved herein bears the same date. The note for $9,400 was also dated August 25, 1925. The deed of trust was not acknowledged until March 18, 1926. It was recorded August 25, 1926. The evidence further shows that a brother of J. R. Covington, named E. P. Covington, and his wife, Nora Covington, had in the early summer of 1925, a lease and option to purchase said land, and that the two Covington brothers and their wives undertook to buy the land in August of the same year. Whether any deed to the land was made to them at this time does not clearly appear, but it was shown that the two Covingtons and their wives executed a deed of trust covering said land to secure a promissory note for $9,400, which represented either the whole, or practically the whole, of the purchase price that was to be paid for said land. While this deed of trust was executed and acknowledged it never became effective, was never recorded, and there appears to be some uncertainty as to what finally became of it. After this transaction the Covington brothers remained on the land under a joint claim until some time

in January, 1926, when E. P. Covington and his wife left the property. J. R. Covington and his wife remained in possession of the land. On August 25, 1926, a deed to said land from Lulu L. Spencer to J. R. Covington and wife was filed for record in the office of the county recorder of Glenn County in which county said land is situated. This deed was dated and acknowledged on August 25, 1925, exactly one year prior to the date of its recordation. On the same day the deed was recorded there was also filed for record in the office of said county recorder the deed of trust involved in this action. As we have seen it was executed by J. R. Covington and wife and recites that it was given to secure a promissory note for $9,400, executed by J. R. Covington and wife. These facts are undisputed, and the only contention which the appellants make is that, while J. R. Covington and his wife executed and delivered the deed of trust which was recorded on August 25, 1926, they did not execute or deliver the promissory note, which said deed of trust purports to secure. J. R. Covington and his wife testified that they, with E. P. Covington and wife, executed a promissory note for $9,400 on August 25, 1925, and on the same day executed a deed of trust on the land involved herein to secure said promissory note. This was the deed of trust heretofore referred to as never having become effective and which was never recorded. They further testified that in March, 1926, they executed and delivered the deed of trust which is the subject of this action, but they did not at that time nor at any time execute or deliver the promissory note referred to in said trust deed. In other words, their testimony is to the effect that while they executed and delivered a new deed of trust covering said land and purporting to secure a new promissory note, they did not in fact execute or deliver this new or second note. Appellants rest their case upon this testimony of the Covingtons. As against this testimony there were admitted in evidence six letters written by J. R. Covington which were admittedly signed by him and in which he admitted his indebtedness on the note. These letters with the deed of trust which was admittedly signed by J. R. Covington and his wife, Francis R. Covington, were before the trial judge who had an opportunity to, and who undoubtedly did, compare the genuine signatures of the Covingtons as shown by these documents

with the signatures appended to the disputed promissory note which was also in evidence. It was for the trial judge to determine with these writings before him, whether the promissory note which purported to be signed by J. R. and Frances R. Covington actually bore their genuine signatures. Having determined this issue in favor of the respondents upon the conflicting evidence, it is not for this court to disturb the finding. Besides the evidence which these writings furnished as to the genuine signatures of the Covingtons, the six letters, written over a period beginning July 9, 1927, and ending February 28, 1930, with the possible exception of the last one, contain direct reference not only to the deed of trust, but to the note of the Covingtons. In one of these letters (all of which were written to respondents) J. R. Covington refers to a promise made by him to send ''a hundred dollars payment on interest due on my note''. In another he asks that ''$1300 credit I have on my original note'' be considered as ''interest to date''. In the same letter he writes that, ''As soon as I could get the government loan through I could pay the loan from you.'' Other letters contain equally damaging statements against the claim of Covington that he had not signed the note which the trust deed was given to secure. With such persuasive testimony before the trial court, we are unable to perceive how it could have found otherwise than as it did. There is an utter lack of merit in the contention of the appellants that the evidence is insufficient to support the finding of the trial court that the promissory note, recited in the deed of trust involved herein, was not signed by J. R. Covington and Frances R. Covington.

The other grounds advanced by appellants for the reversal of the judgment are equally untenable. It is claimed that the assignment of the note by the original payee thereof to the Tuxedo Land Company was without consideration, and that the assignment was made without any right or authority. The assignment was in writing and was presumed to be for a valid consideration. There was no evidence introduced which purported to overcome this presumption.

Besides this was not a matter which concerned the appellants. While the land was originally owned by Lulu L. Spencer and was conveyed by her to the Covingtons the note and deed of trust were taken in the name of Edward F.

Harris, who was a relative and agent of Lulu L. Spencer. It is contended by appellants that Harris held the note and deed of trust in trust for Lulu L. Spencer and was without authority to assign the same except with her consent. Lulu L. Spencer by permitting the note and deed of trust to be taken in the name of Harris and thus creating him the ostensible owner of said note and deed of trust would be thereafter estopped from denying his authority to assign these documents. She is not now complaining, and the appellants are in no position to question the validity of an assignment executed by Harris. (Sec. 869a, Civ. Code.)

The assignment of the note and deed of trust by Harris to the respondent Tuxedo Land Company purported to assign not only the promissory note and the deed of trust, but also an interest in the real property covered by the deed of trust. Appellants contend that Harris as beneficiary under the deed of trust held no title to the land described therein, but that said title was in the trustees named in said deed of trust, and therefore said assignment was not effective for any purpose. It is true that Harris, as the beneficiary under said deed of trust, had no title to the land described therein. No assignment or other conveyance by him would pass title to said land. While the assignment given by him to the Tuxedo Land Company was ineffective for the purpose of passing any title to said land, it was valid as an assignment of the promissory note secured by the deed of trust, and the assignment of the note carried with it the security of the deed of trust. (Sec. 2936, Civ. Code.) The assignment was drawn and recorded in compliance with section 2934 of the Civil Code, and as a transfer of the note and security was effectual for all purposes.

Lastly the appellants contend that the Tuxedo Land Company had assigned and transferred its interest in the promissory note prior to the institution of the proceeding to foreclose the trust deed and, therefore, that it had no interest in said note which would entitle it to institute said foreclosure proceedings. There was some semblance of evidence that said company had made a transfer of said note prior to the time it began said proceedings of foreclosure, but the whole transaction was fully explained at the trial, and the evidence as a whole fully sustains the finding of the trial court that no such assignment had been made by the Tuxedo

Land Company. Viewing the evidence in the light most favorable to the appellant, the most that can be said is that the evidence as to the assignment is conflicting.

■ There is practically no legal question presented on this appeal. The whole case involves questions of fact, and whether the evidence is sufficient to support the findings. Upon every point advanced by the appellants the record shows ample evidence to support the findings of the trial court. We have examined the record with care and find nothing therein which furnishes any justification to appellants in taking this appeal. It is entirely barren of merit and frivolous in the extreme. Appeals of this character should be discouraged, both in the interest of litigants directly interested in the particular case, and of those who have meritorious causes awaiting the consideration of the courts. If the court's time is taken up with frivolous appeals, it cannot be given to those possessing merit. The only reasonable conclusion at which the court can arrive in determining an appeal which is so destitute of merit as is the present one, is that it was taken for delay merely, and that in affirming the judgment it should impose damages upon appellants.

The judgment is affirmed and damages imposed upon the appellants in the sum of $150 on the ground that the appeal is frivolous and was taken for delay.

Shenk, J., Preston, J., Seawell, J., Tyler, J., *pro tem.*, and Waste, C. J., concurred.