[Civ. No. 18336.   Second Dist., Div. Two.   July 12, 1951.]

FRANK R. SIPE, Respondent, v. CATHERINE A. McKENNA et al., Appellants.

Catherine A. McKenna, in pro. per., and J. Irving Mc-Kenna for Appellants.

Robert E. Rosskopf for Respondent.

WILSON, J.—Defendants have appealed from a judgment cancelling, vacating and holding null and void a decree quieting title to real property in Los Angeles County rendered in an action entitled *Catherine A. McKenna, Plaintiff*, v. *The Escrow Corporation, Herman A. Paulk, Mary Agnes Paulk et al., Defendants.*

The court found that on or about June 21, 1930, for a valuable consideration, defendants Herman A. Paulk and Mary

Agnes Paulk made, executed and delivered to Alma Stiebitz their promissory note secured by a deed of trust executed by them, and recorded in the office of the county recorder, upon the property described in the aforesaid action and in the complaint in the case at bar to The Escrow Corporation for the benefit of Alma Stiebitz; that thereafter the promissory note and deed of trust were transferred to Olga Schrago, who thereafter transferred them to plaintiff in the instant action; that the promissory note has not been paid except a small sum on account of interest; that the decree in the aforesaid action purporting to quiet title in the plaintiff therein, Catherine A. McKenna, was rendered pursuant to a fraudulent scheme and conspiracy on the part of Catherine A. McKenna, Herman A. Paulk and Mary Agnes Paulk and by the practice of fraud upon the court; that at the time of the filing of the aforesaid action Catherine A. McKenna was not the true owner of the real property described in the complaint but that defendants Herman A. Paulk and Mary Agnes Paulk were, and had been since June 21, 1930, the true owners thereof; that for the purpose of making it appear that Catherine A. McKenna was the owner of the property defendants caused to be recorded a deed from the Paulks to Sarah O'Neill, a relative of Mary Agnes Paulk, and thereafter a deed from Sarah O'Neill to Catherine A. McKenna, both of which purported transfers were without consideration and were made for the sole benefit of defendants and in furtherance of the aforesaid fraudulent scheme and conspiracy; that affidavits of service were filed in the aforesaid action executed by J. M. McKenna, the son of Catherine A. McKenna, and sworn to before J. Irving McKenna, a notary public, the husband of Catherine A. McKenna, alleging the service of complaint and summons in the aforesaid action; that said affidavits of service were false and fraudulent in that summons and complaint in said action were not served upon any of the defendants therein except defendants Paulk; that after the entry of the decree in said action defendants Catherine A. McKenna, Herman A. Paulk and Mary Agnes Paulk caused to be recorded a deed purporting to convey one of the lots in question to defendants Paulk.

Based upon the foregoing facts the court adjudged that plaintiff is the owner and holder of the promissory note and of the beneficial interest in the deed of trust above mentioned; that such deed of trust is a valid and subsisting instrument affecting the title to the real property described therein; that the decree quieting title rendered in the aforesaid action en-

titled *Catherine A. McKenna* v. *The Escrow Corporation* is null and void and is cancelled and vacated as to defendants therein Alma Stiebitz and.The Escrow Corporation.

The result of defendants' machination and circumlocution, if not frustrated, was that Catherine A. McKenna became the owner of one lot and the Paulks of the other, free and clear of the latter's indebtedness under the deed of trust which they had executed.

Defendants do not contend that the evidence does not support the findings and judgment. The entire brief consists of argument that the complaint does not state sufficient facts to constitute a cause of action. Upon a previous appeal from a judgment dismissing the case the complaint was held to be sufficient and the judgment of dismissal was reversed. (*Sipe* v. *McKenna*, 88 Cal.App.2d 1001 [200 P.2d 61].) Since that decision constitutes the law of the case defendants' argument is futile and their appeal is without merit.

Several pages of defendants' brief in the instant case are copied verbatim from their brief in the former appeal relating to the insufficiency of the complaint. Since the question defendants have argued on this appeal was definitely decided against them on the former appeal and no new point is here advanced by them, it is obvious that the present appeal is unjustified, vexatious and frivolous and was taken solely for the purpose of delaying and harassing plaintiff. This appeal has not only caused plaintiff an unnecessary expense but has consumed the time of this court which might have been spent in determining meritorious cases. Such appeals apparently can be discouraged only by the imposition of a penalty on the offender as authorized by section 957 of the Code of Civil Procedure. (*Seidell* v. *Tuxedo Land Co.*, 216 Cal. 165, 171 [13 P.2d 686]; *Barry* v. *All Persons*, 158 Cal. 435, 436 [111 P. 249]; *Tetenman* v. *Melekov*, 90 Cal.App. 625, 629 [266 P. 367].)

The judgment is affirmed and damages are imposed upon defendants-appellants in the sum of $300 for having taken and prosecuted a frivolous appeal, and the trial court is instructed to enter judgment in favor of plaintiff and against defendants for said sum in addition to the costs of appeal.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 7, 1951. Carter, J., and Schauer, J., voted for a hearing.