[Nos. B018926, B029685. Second Dist., Div. Five. June 9, 1988.]

RALPH T. DUFFY, JR., Plaintiff and Appellant, v.
CITY OF LONG BEACH et al., Defendants and Respondents.

COUNSEL

Bruce M. Stark, Totaro & Shanahan, Michael R. Totaro and Maureen J. Shanahan for Plaintiff and Appellant.

John R. Calhoun, City Attorney, and Arthur Y. Honda, Deputy City Attorney, for Defendants and Respondents.

OPINION

ASHBY, Acting P. J.— ■ ■■■ In 1985 appellant Ralph T. Duffy, Jr., filed this action against the City of Long Beach (the City) and certain City employees for "damages for denial of constitutional and civil rights [42 U.S.C. §§ 1983, 1985]."[1] He appeals from orders of dismissal following the sustaining of demurrers to his complaint against the City and third amended complaint against the individual employees.[2] We hold the trial court properly sustained the demurrers on grounds of res judicata and failure to state a cause of action, since the main issues involved in this case were previously decided against appellant in an action he filed in United

---

[1] State courts have jurisdiction to entertain suits under the federal civil rights acts. (*Brown v. Pitchess* (1975) 13 Cal.3d 518, 520-523 [119 Cal.Rptr. 204, 531 P.2d 772].)

[2] Since the two orders of dismissal arose out of the same trial court action, we consolidated the appeals.

States District Court in 1983, Duffy v. City of Long Beach, No. CV 83 2034 LTL, C.D. Cal.

Appellant had ambition to construct a house with his own efforts.[3] In June 1968 he obtained permits to build a house on his lot at 370 Flint Avenue in Long Beach. Fifteen years later, at the time of the federal court suit, appellant still had managed to build only a partial structure, a deteriorating open frame shell, which had been declared a nuisance under city ordinances defining nuisance to include buildings left unreasonably in a state of partial construction.[4]

Between 1976 and 1982 the City attempted through administrative proceedings and misdemeanor prosecution to compel appellant either to complete the structure or to abate the nuisance. In October 1978 appellant was cited for maintaining a nuisance and given one year to complete the structure. In 1979 he pleaded nolo contendere to a criminal charge of maintaining a nuisance, and despite a probation period of three years, in which he was twice found in violation of probation, he failed to complete the structure. In an administrative hearing in October 1982 the structure was found to be a nuisance and appellant was ordered to complete the structure or destroy it by December 1982.

After receiving notice in December 1982 that he had not complied with the prior order and that the structure would be demolished, appellant on April 4, 1983, filed in United States District Court a complaint against the City "for damages and injunctive relief under 42 U.S.C. § 1983 and the 14th Amendment of the United States Constitution for a taking of property without due process of law." (Duffy v. City of Long Beach, No. CV 83 2034 LTL, C.D.Cal.) He sought from the federal court a temporary restraining order, preliminary and permanent injunction to restrain the City and its employees from "interfering with plaintiff's rights to hold and improve his real property without providing due process of law . . . and to further

---

[3] The facts are based on the pleadings and related court files, of which the trial court properly took judicial notice. (*Administrative Management Services, Inc.* v. *Fidelity & Deposit Co.* (1979) 89 Cal.App.3d 532, 534 [152 Cal.Rptr. 620].)

[4] As described in the federal court's findings of fact, "[a]fter fifteen years, the structure at 370 Flint Avenue is still unfinished and is merely an open frame shell with a roof covering. The front is a 'false' front, not part of the structure but only a temporary plywood covering. The wood frame shell has been exposed so long without adequate protective covering that at least half of it has deteriorated and become unusable. [¶] The last meaningful work done on the unfinished structure was on December 10, 1979, when a roof covering was installed; all building, electrical, plumbing and mechanical permits have expired and may not be renewed. To complete the structure, new permits and new plans complying with current code requirements are required. [¶] The premises . . . is habitually overgrown with weeds and vegetation. [¶] The unfinished structure . . . is an 'eyesore' and detracts from the appearance of the neighborhood and has tended to reduce property values in the neighborhood."

enjoin the City from demolition of plaintiff's property;" compensation for the taking and demolition of his property; a declaration that the nuisance ordinance was unconstitutional on its face and as applied; and damages of $1,025,000 for lost time and emotional distress. In July 1983, while the federal action was pending, the City held another administrative hearing, finding the property to be a nuisance and ordering appellant to complete or demolish it by September 6, 1983. On August 31, 1983, the federal court entered summary judgment against appellant, dismissing appellant's complaint, concluding: that appellant had been deprived of no federally protected rights; that appellant was given a fair due process hearing by the city council on July 5, 1983; that appellant had been given ample time and opportunity to complete the building but had failed to do so; that the structure had been in a state of partial construction for over 15 years, an unreasonable period of time, and was a public nuisance in violation of the Long Beach Municipal Code; that the ordinance was a valid and constitutional police power measure declaring a statutory public nuisance, and was not vague; that the City did not engage in invidious selective enforcement of the ordinance; and that in light of these findings the City Council's order requiring completion or demolition by September 6, 1983, was reasonable and appropriate. The federal district court's judgment was subsequently affirmed by the Ninth Circuit Court of Appeals, and certiorari was denied by the United States Supreme Court.

In December 1984, the City demolished the structure as a nuisance. In December 1985 appellant filed the present action in Los Angeles Superior Court. Alleging various violations of his constitutional and civil rights, he sought actual and punitive damages for the demolition of the structure, from the City of Long Beach and from three individual city building inspectors, Zeller, Stump and Sauter. The trial court sustained, without leave to amend, the City's demurrer to appellant's complaint on the ground of res judicata. After appellant was given several additional opportunities to amend as to the individual employees, the court sustained, without leave to amend, their demurrer to appellant's third amended complaint on grounds of res judicata and failure to state a cause of action.

## DISCUSSION

■ The trial court properly sustained the demurrers primarily on the ground of res judicata, which precludes parties or their privies from relitigating a cause of action which has been finally determined in a prior judgment. (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593]; *Safeco Insurance Co.* v. *Tholen* (1981) 117 Cal.App.3d 685, 696 [173 Cal.Rptr. 23].) To prevent piecemeal litigation, the doctrine of res judicata also applies to bar a second suit arising out of the same factual

situation, involving matters which were relevant and within the scope of the first action, which thus *could* have been raised in the first suit. (*Kronkright v. Gardner* (1973) 31 Cal.App.3d 214, 217 [107 Cal.Rptr. 270].)

■ The instant suit is for alleged violation of federal constitutional rights during the City's 15-year dispute with appellant over appellant's maintenance of a nuisance on his real property, the same factual situation and issues which were determined against appellant in the prior federal lawsuit, which had become final. The federal court determined that no triable issues of fact had been raised as to deprivation of any federally protected rights; that the City's nuisance ordinance was a valid and constitutional police power measure which was not unconstitutionally vague; that the City did not engage in invidious selective enforcement of the ordinance; and that the July 5, 1983, hearing resulting in the order requiring abatement of the nuisance was a fair due process hearing. The Los Angeles Superior Court properly concluded, therefore, that the prior federal judgment bars the present action.

■ In the present lawsuit appellant offers various theories to avoid the res judicata bar, none of which has merit. Appellant's main argument is that in the prior federal suit he sought to enjoin the demolition of the structure, whereas the present suit was filed after its actual demolition which, he claims, now entitles him to constitutional "just compensation" for the "taking" of his property. This does not distinguish the two lawsuits. A mere change in the form of relief requested does not avoid the res judicata bar. (*Kronkright v. Gardner, supra,* 31 Cal.App.3d at p. 216.) The theory that the impending demolition *would* constitute a "taking" was clearly raised and rejected in the prior federal suit. The claim that the actual demolition now entitles appellant to a new cause of action for compensation is without merit. ■ When a property owner has been given ample notice and opportunity to correct or repair a structure constituting a nuisance, but has failed to do so, demolition of the structure by the government to abate the nuisance is a regulatory action within the police power, not a taking of property which requires compensation of the owner. (*Leppo* v. *City of Petaluma* (1971) 20 Cal.App.3d 711, 716 [97 Cal.Rptr. 840]; *Friedman* v. *City of Los Angeles* (1975) 52 Cal.App.3d 317, 321 [125 Cal.Rptr. 93]; *People* v. *Wheeler* (1973) 30 Cal.App.3d 282, 295-296 [106 Cal.Rptr. 260]; *City etc. of San Francisco* v. *City Investment Corp.* (1971) 15 Cal.App.3d 1031, 1042 [93 Cal.Rptr. 690]; *Mugler* v. *Kansas* (1887) 123 U.S. 623, 668-669 [31 L.Ed. 205, 212-213, 8 S.Ct. 273].) Appellant misplaces reliance on *First English Evan. Luth. Ch.* v. *Los Angeles Cty.* (1987) 482 U.S. 304 [96 L.Ed.2d 250, 107 S.Ct. 2378]. Due to the procedural posture of that case, the Supreme Court *assumed,* but did not decide, that a temporary flood control regulation deprived the landowner of *all use* of the property and was a "taking"

rather than a noncompensable regulatory action. (*Id.,* at pp. 311-313, 319-322 [96 L.Ed.2d at pp. 261-262, 267-268, 107 S.Ct. at pp. 2384-2385, 2389]; *Guinnane* v. *City and County of San Francisco* (1987) 197 Cal.App.3d 862, 867-868 [241 Cal.Rptr. 787].) There was no "taking" here, because appellant is still free to make any lawful use of his land and is merely prohibited from maintaining a nuisance on it. (*Mugler* v. *Kansas, supra,* 123 U.S. at pp. 668-669 [31 L.Ed. at p. 213]; see also *Keystone Bituminous Coal Ass'n* v. *DeBenedictis* (1987) 480 U.S. 470 [94 L.Ed.2d 472, 488-493, 107 S.Ct. 1232, 1242-1247]; *Penn Central Transp. Co.* v. *New York City* (1978) 438 U.S. 104, 135-137 [57 L.Ed.2d 631, 655-666, 98 S.Ct. 2646].)

Appellant next contends the City should be estopped to assert res judicata as a defense, on the ground that the City urged the federal court to abstain from reviewing the finding of nuisance. This argument has no merit. (*Slater* v. *Blackwood, supra,* 15 Cal.3d at pp. 797-798.) The present lawsuit is based wholly upon alleged violations of constitutional rights; those are the issues which the federal court decided; the federal court merely abstained from further review of the nuisance finding, since appellant had an adequate state remedy under Code of Civil Procedure section 1094.5.

Appellant next argues that at the July 1983 administrative hearing the City applied a new version of the nuisance ordinance, which appellant contends violates the constitutional prohibition against an ex post facto law. This argument is insufficient to avoid the res judicata bar, because appellant could have raised this issue in the prior federal suit, which adjudicated that the July 1983 hearing was a fair due process hearing and that the ordinance was constitutional.

■ There is likewise no merit to appellant's arguments for avoiding res judicata or collateral estoppel as to his third amended complaint against the individual building inspectors. Appellant mentions that the employees were not named as defendants in the prior federal suit. This is not the point; appellant was a party to the prior suit and the bar to further litigation is applicable against him. Moreover, the prior suit was for damages and for an injunction to restrain the City, acting through its employees, from abating the nuisance. Since the prior federal judgment determined that the City, which acts through its employees, had not violated any federal rights of appellant, the individual employees are clearly in a position to invoke the prior judgment. (See *Black* v. *County of Los Angeles* (1976) 55 Cal.App.3d 920, 929 [127 Cal.Rptr. 916].) Appellant's third amended complaint mainly involves individual acts leading up to or carrying out the July 1983 abate-

ment order, the constitutionality of which was upheld by the federal court, and to that extent the prior judgment bars appellant's action against the employees.

Appellant contends the third amended complaint alleges certain acts of the individual employees which occurred after the federal judgment and are not controlled by it. In their demurrer to the third amended complaint, these employees legitimately complained that despite three attempts to amend, the pleading was still vague as to what acts occurred after the federal judgment and how those acts deprived appellant of federal constitutional rights. (*Ankeny* v. *Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531, 537 [151 Cal.Rptr. 828]; *Dewey* v. *University of New Hampshire* (1st Cir. 1982) 694 F.2d 1, 3.) At best, appellant appears to allege that after the federal judgment the individual employees, for the purpose of harassing appellant, entered onto appellant's *other* property, where he actually lives, to issue citations against appellant for having unlicensed automobiles and weeds in his yard. Allegedly they had "no authority for such trespasses nor enforcement authority for the Vehicle Code." Allegedly this conduct denied appellant's "Constitutional right of privacy and quite [*sic*] enjoyment of his home."

■ In order to state a cause of action under 42 United States Code sections 1983 or 1985(3), the pleader must show, in a specific and nonconclusory way, that the alleged acts deprived him of rights, privileges, or immunities secured by the federal Constitution and laws. (*Dinneen* v. *Williams* (9th Cir. 1955) 219 F.2d 428, 429-430; *Finley* v. *Rittenhouse* (9th Cir. 1969) 416 F.2d 1186, 1187; *Aldabe* v. *Aldabe* (9th Cir. 1980) 616 F.2d 1089, 1092.) Ordinary torts or violations of local law by state officials, such as pleaded here, cannot be elevated to federal civil rights violations merely by making passing references to the Constitution. (*Shelton* v. *City of Westminster* (1982) 138 Cal.App.3d 610, 622 [188 Cal.Rptr. 205]; *Paul* v. *Davis* (1976) 424 U.S. 693, 698-699 [47 L.Ed.2d 405, 412, 6 S.Ct. 1155]; *Havas* v. *Thornton* (9th Cir. 1979) 609 F.2d 372, 374-375.) The facts pleaded in appellant's third amended complaint bear no resemblance to the facts in the two cases cited by him, which were true racial civil rights cases. (*Pierson* v. *Ray* (1967) 386 U.S. 547 [18 L.Ed.2d 288, 87 S.Ct. 1213]; *Griffin* v. *Breckenridge* (1971) 403 U.S. 88 [29 L.Ed.2d 338, 91 S.Ct. 1790].)

The trial court properly sustained the demurrers.[5]

---

[5]Although we reject appellant's contentions, we also reject the City's contention that the appeal is frivolous within the standards of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-651 [183 Cal.Rptr. 508, 646 P.2d 179].)

The orders of dismissal are affirmed.

Boren, J., and Kennard, J., concurred.

Appellant's petition for review by the Superme Court was denied September 14, 1988.