[No. B022584. Second Dist., Div. Five. Feb. 3, 1989.]

SHERMAN S. WEBER, Plaintiff and Appellant, v.
ROBERT R. WILLARD et al., Defendants and Respondents.

**COUNSEL**

Sherman S. Weber, in pro. per., for Plaintiff and Appellant.

James L. McBride, County Counsel, Donald O. Hurley, Assistant County Counsel, Nordman, Cormany, Hair & Compton and Anthony H. Trembley for Defendants and Respondents.

**OPINION**

**ASHBY, J.**—Plaintiff and appellant Sherman S. Weber in propria persona sued numerous judges and officials of Ventura County and other persons for conspiracy to violate his federal civil and constitutional rights. The trial court dismissed appellant's action after sustaining defendants' and respondents' demurrers on the ground of res judicata because judgment had been rendered against appellant in a virtually identical action in federal court. We affirm and impose sanctions for a frivolous appeal.

Appellant was attorney and executor of the estate of John D. Stram, deceased, which was pending in the probate court of Ventura County. In

May 1984 the probate court revoked the letters testamentary issued to appellant, removed appellant as executor of the estate, surcharged appellant and imposed penalties for fraud and concealment in his administration of the estate.[1]

In November 1984, appellant filed two virtually identical actions alleging that the accusations and sanctions against him in the probate matter were the product of a massive conspiracy against him by the estate beneficiary and the beneficiary's attorneys, the judges of the Ventura County Superior Court and various other officials and parties. One of the actions was filed in federal district court (Weber v. Willard et al., C.D.Cal. No. CV84-3075MRP). The other was the instant action, filed in Los Angeles Superior Court. In both actions appellant claimed he had been deprived of civil and constitutional rights in violation of federal civil rights statutes.

On February 16, 1985, the United States District Court dismissed appellant's complaint on grounds of judicial immunity and failure to state a claim upon which relief can be granted. The court further found appellant's complaint to be entirely frivolous and harassing.

On June 11, 1986, the United States Court of Appeals for the Ninth Circuit affirmed the dismissal, concluding the district court had properly determined that the judicial defendants were immune from liability and that appellant failed to state a cause of action against the other county defendants and private party defendants. In addition, the United States Court of Appeals imposed sanctions against appellant (attorney's fees and double costs) for his frivolous appeal, stating, "On appeal, as below, Weber raises vexatious and groundless allegations against numerous defendants. By the time this case was appealed, Weber already had pressed unsuccessfully similar claims in three amended complaints and numerous motions and hearings, and the district court had given him clear notice of the defects he had to cure. Although Weber appears pro se, he is an attorney and should have known that this appeal was meritless." (*Weber* v. *Willard et al.,* 9th Cir. Nos. 85-5622, 85-5846.)

After being informed of the decision of the Ninth Circuit Court of Appeals, the Los Angeles Superior Court in the instant matter sustained

---

[1] The orders of the probate court were subsequently affirmed on June 10, 1986, by the Court of Appeal, Second Appellate District, Division Six (*Estate of Stram,* No. B005948).

Appellant has since been disbarred for his conduct in the probate matter. (*Weber* v. *State Bar* (1988) 47 Cal.3d 492 [253 Cal.Rptr. 573, 764 P.2d 701].)

defendants' demurrers on July 31, 1986, on the ground of res judicata. After the Ninth Circuit Court of Appeals denied a rehearing, the superior court entered its orders of dismissal. After the United States Supreme Court denied certiorari in the federal case, appellant filed this appeal.

## DISCUSSION

■    Appellant contends that the federal judgment "has no relevance to [appellant's] state action herein, and . . . does not constitute a bar of Res Judicata." Appellant's argument is based on a completely fallacious misconstruction of the rule that state courts have "concurrent jurisdiction" to adjudicate suits alleging violations of the federal civil rights act. (42 U.S.C. § 1983; *Brown* v. *Pitchess* (1975) 13 Cal.3d 518, 521-523 [119 Cal.Rptr. 204, 531 P.2d 772]; *Williams* v. *Horvath* (1976) 16 Cal.3d 834, 837 [129 Cal.Rptr. 453, 548 P.2d 1125].)

That rule means a plaintiff may file a civil rights suit either in federal court or in state court. Even assuming, however, as contended by appellant, that theoretically a plaintiff could simultaneously initiate actions in both forums, a final judgment by the first court to decide the matter will bar the other action under basic res judicata principles. (*Duffy* v. *City of Long Beach* (1988) 201 Cal.App.3d 1352, 1357-1358 [247 Cal.Rptr. 715]; see *Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441, 446-447 [164 Cal.Rptr. 913]; *City of Los Angeles* v. *Superior Court* (1978) 85 Cal.App.3d 143, 150-151 [149 Cal.Rptr. 320].) The instant action is barred by the prior federal judgment against appellant.

## SANCTIONS FOR FRIVOLOUS APPEAL

■    Both the county respondents and the private respondents have requested that sanctions be imposed for a frivolous appeal. We gave notice to the parties that at the time of oral argument the court would consider the question of sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654 [183 Cal.Rptr. 508, 646 P.2d 179]; *Hummel* v. *First National Bank* (1987) 191 Cal.App.3d 489, 495 [236 Cal.Rptr. 449].) Appellant appeared at oral argument and additionally submitted supplemental briefing on the issue.

We conclude sanctions are appropriate in this case. ■    An appeal is sanctionable as frivolous when it is prosecuted for an improper motive to harass the respondents or delay the effect of an adverse judgment, or where

it indisputably is totally and completely without merit. (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 650.) ▆▆▆ Both standards are met in this case.

As we have discussed, this action is virtually identical to the one filed in federal district court. When the United States District Court and the United States Court of Appeals rendered judgment against appellant in the federal action, and the United States Supreme Court denied certiorari, the litigation of this matter should have ended. The superior court's finding of res judicata is proper, and no reasonable attorney would contend, as does appellant, that the final federal judgment should be ignored merely because state courts have jurisdiction to entertain federal civil rights suits. Appellant's nonsensical interpretation of res judicata is a frivolous ground for his appeal, making the appeal totally and completely without merit.

The circumstances also show this appeal is brought for purposes of harassment and delay. Appellant filed this appeal after the decision of the Ninth Circuit was final and the United States Supreme Court had denied certiorari. Appellant's continuation of the instant litigation by appeal, despite the final federal judgment against him, indicates appellant's improper purpose is to harass respondents and to delay the practical effect of the federal judgment in their favor. Repeated litigation of matters previously determined by final judgment constitutes harassment and should be penalized. (*Hummel* v. *First National Bank, supra,* 191 Cal.App.3d at p. 495; *Bistawros* v. *Greenberg* (1987) 189 Cal.App.3d 189, 192, 193 [234 Cal.Rptr. 377]; see *Beckstead* v. *International Industries, Inc.* (1982) 127 Cal.App.3d 927, 935 [179 Cal.Rptr. 767]; *Nelson* v. *Crocker Nat. Bank* (1975) 51 Cal.App.3d 536, 541 [124 Cal.Rptr. 229]; *Sipe* v. *McKenna* (1951) 105 Cal.App.2d 373, 375 [233 P.2d 615]; *Taliaferro* v. *Taliaferro* (1960) 178 Cal.App.2d 140, 145 [2 Cal.Rptr. 716].) Even if it can be assumed that appellant conscientiously believes he has been aggrieved, the continued misuse of the courts to relitigate matters previously determined cannot be condoned. (*Taliaferro* v. *Taliaferro, supra.*)

The conclusion that this appeal improperly harasses respondents is even stronger because, in the course of ruling against appellant, both the federal district court and the federal court of appeals informed appellant that the underlying allegations of his action were entirely frivolous and groundless. (*Bank of America* v. *Henkin* (1986) 185 Cal.App.3d 919, 921-922 [230 Cal.Rptr. 113].) Appellant nevertheless filed this appeal, raising a frivolous res judicata argument in order to avoid the effect of an adverse final federal judgment on an underlying claim which was itself groundless and frivolous.

The attorneys for respondents have submitted declarations to this court showing that at normal billing rates the attorneys' fees and miscellaneous costs of responding to this appeal are $1,075 for the Ventura County respondents and $2,516.70 for the other respondents. We impose the sanctions requested.

The orders of dismissal are affirmed. In addition to the normal costs on appeal, appellant is ordered to pay to the County of Ventura $1,075 and to Nordman, Cormany, Hair & Compton $2,516.70.

Lucas, P. J., and Boren, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 19, 1989.