67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jefferlene PIERRO; Alfred L. Pierro, Plaintiffs-Appellants,
v.
COUNTY OF SACRAMENTO; Lee B. Elam; Douglas Fraleigh;
Warren H. Harada; Donald L. Schultze; Gene
Bergst; Vernon Von Ferber; W.J. Smith;
West Coast Building Wrecking,
Inc., Defendants-Appellees.
 No. 94-16527.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Property owners Jefferlene and Alfred Pierro sued the County of Sacramento, certain county employees, and a wrecking company (collectively "County"), alleging that their federal and state constitutional rights were violated when the County condemned and demolished their building in Sacramento as a public nuisance. The Pierros asserted civil rights violations under 42 U.S.C. Secs. 1983, 1985(3), and 1986, violations under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. Sec. 1961-1968, and a pendant state law claim for inverse condemnation. The district court dismissed the Pierros' federal taking claim as unripe for federal review, and granted summary judgment for the County on the remainder of the Pierros' claims. The Pierros timely appeal pro se. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). Summary judgment should be granted if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We review de novo the district court's Rule 12(b)(1) dismissal for lack of subject matter jurisdiction. See Hata v. United States, 23 F.3d 230, 232 (9th Cir.1994).
 
 A. Statute of Limitations
 
 4
 The Pierros contend that the district court erred by finding their civil rights claims barred by the statute of limitations because the County first asserted this affirmative defense in its motion for summary judgment or dismissal.
 
 
 5
 The statute of limitations is an affirmative defense that should be raised in the initial pleading tendered by the defendant. Fed.R.Civ.P. 8(c); United States Postal Serv. v. American Postal Workers Union, 893 F.2d 1117, 1122 (9th Cir.), cert. denied, 498 U.S. 820 (1990). "In the absence of a showing of prejudice, however, an affirmative defense may be raised for the first time at summary judgment." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993). The Pierros did not claim prejudice below, nor is any suggested by the record. Accordingly, the County did not waive the statute of limitations defense. See id.
 
 
 6
 California's one-year statute of limitations period for personal injury and tort actions, see Cal.Civ.Proc.Code Sec. 340(3) (West 1995), applies to takings claims asserted under Secs. 1983 and 1985(3). See McDougal v. County of Imperial, 942 F.2d 668, 672-74 (9th Cir.1991). An action for failure to prevent a conspiracy asserted under 42 U.S.C. Sec. 1986 must be "commenced within one year after the cause of action has accrued." 42 U.S.C. Sec. 1986 (1995).
 
 
 7
 Here, the Pierros' cause of action began to accrue no later than April 17, 1991, when the County demolished their building. Because the Pierros filed their complaint in district court on November 24, 1992, more than one year after the demolition, their civil rights claims are time-barred.[1]
 
 B. RICO
 
 8
 The Pierros contend that the County engaged in a pattern of racketeering activity when it "sent in interstate commerce misleading letters to the plaintiffs" and engaged in "extortionate condemnations/demolitions."
 
 
 9
 We affirm the district court's summary judgment for the County on the Pierros' RICO claim for several reasons. First, the Pierros failed to provide evidence that the County conducted an "enterprise" that was separate and apart from the alleged pattern of racketeering activity. See United States v. Turkette, 452 U.S. 576, 583 (1981); United Energy Owners Comm., Inc. v. United States Energy Mgmt. Sys., 837 F.2d 356, 361-62 (9th Cir.1988).
 
 
 10
 Second, the Pierros failed to show that the County engaged in racketeering acts as defined by 18 U.S.C. Sec. 1961(1). See Rothman v. Vedder Park Mgmt., 912 F.2d 315, 316-17 (9th Cir.1990) (dismissing RICO claim for failure to sufficiently allege predicate acts of mail fraud and extortion); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir.1988) (noting that RICO claim fails because mail/wire fraud allegations "entirely general"), cert. denied, 493 U.S. 858 (1989). Given the circumstances of this action, the district court correctly concluded that there were no genuine issues of material fact precluding a grant of summary judgment for the County on the Pierros' RICO claim. See Taylor, 880 F.2d at 1044.
 
 C. Federal Taking Claim
 
 11
 The Pierros contend that the district court erred by dismissing their federal taking claim as premature, because the Pierros "constructively exhausted" state compensation procedures.
 
 
 12
 If a state provides an adequate procedure for seeking just compensation, a property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 (1985); Cassettari v. Nevada County, 824 F.2d 735, 738 (9th Cir.1987).
 
 
 13
 "California law permits a property owner to bring an inverse condemnation action to obtain just compensation for an alleged taking of property." Id. at 738 (citing Cal.Civ.Proc.Code. Sec. 1245.260 (1982)).
 
 
 14
 The Pierros assert that because they filed a related action in state superior court, which was subsequently dismissed, they constructively exhausted state compensation procedures. The Pierros, however, did not show that they sought compensation for the instant demolition from the appropriate state agency. Accordingly, the Pierros' federal taking claim is not ripe, and the district court correctly dismissed this claim. See Williamson, 473 U.S. at 172; Cassettari, 824 F.2d at 738.
 
 D. State Inverse Condemnation Claim
 
 15
 The Pierros contend that the district court erred by ruling that the demolition of their property did not constitute a taking under California law.
 
 
 16
 A government's demolition of private property to abate a nuisance is "a regulatory action within the police power, not a taking of property which requires compensation of the owner," so long as the owner has been afforded due process. Duffy v. City of Long Beach, 247 Cal.Rptr. 715, 718 (1988), review denied, (Sept. 14, 1988). Due process requires "an opportunity to be heard and a determination upon competent sworn testimony" that the property constitutes a nuisance. Leppo v. City of Petaluma, 97 Cal.Rptr. 840, 843 (1971) (citations omitted).
 
 
 17
 The record reflects that the Sacramento County Building Standards Board held a public hearing regarding the condition of the Pierros' property, and that the Pierros were "given ample notice and opportunity to correct or repair" the structures on their property. Duffy, 247 Cal.Rptr. at 718.
 
 
 18
 Accordingly, the district court correctly found that the Pierros were afforded due process prior to the demolition of their building, see Leppo, 97 Cal.Rptr. at 843, and no triable issue of fact remained as to the County's exercise of its police power to demolish the structures, see Taylor, 880 F.2d at 1044.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Pierros assert on appeal that the statute of limitations should be tolled because they are proceeding pro se. Given the absence of exceptional circumstances in this case, we decline to address an issue not raised below. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985)
 To the extent that the Pierros assert that the Uniform Code for the Abatement of Dangerous Buildings and the Sacramento County Housing Standards Ordinance are void for vagueness, we decline review for failure to raise these issues below. See id.