[No. B014964. Second Dist., Div. Five. Apr. 27, 1987.]

ERRETT ALLAN HUMMEL, Cross-complainant and Appellant, v.
FIRST NATIONAL BANK OF NEVADA et al., Cross-defendants and
Respondents;
MONT PELERIN CORPORATION, N.V., Intervener and Respondent.

490

COUNSEL

Marvin M. Mitchelson for Cross-complainant and Appellant.

No appearance for Cross-defendants and Respondents.

De Castro, West, Chodorow & Burns and Richard H. Hicks for Intervener and Respondent.

## OPINION

**FEINERMAN, P. J.**—Appellant, Errett Allan Hummel, seeks reversal of an order confirming the partition sale of certain real property. The subject property, which is situated in Beverly Hills, consists of 11 lots which are part of a 16-lot parcel which occupies an entire trapezoidal shaped block bounded by Santa Monica Boulevard, Lasky Drive, Durant Drive, and Charleville Boulevard. At the commencement of the lawsuit, appellant had a beneficial 1-1/2 percent interest in the subject property. Respondent, Mont Pelerin Corporation, N.V., owned a 69 percent interest in the subject property and also had sole ownership of four of the remaining five lots in the parcel. The 16th lot was owned by a stranger to the lawsuit.

The trial court entered an interlocutory judgment on June 28, 1982, ordering partition of the subject property by sale. An appeal was taken from that judgment by appellant and various other owners of partial interests in the subject property. The judgment was affirmed by Division Four of this court on May 23, 1984.[1] Efforts to obtain review of that decision by the California and United States Supreme Courts were unsuccessful.

In October 1984, appellant requested the trial court to obtain an appraisal and impose a minimum bid requirement for the sale of the subject property, arguing that the value of the 11 lots was much greater if the buyer also had access to the 4 lots owned by respondent and that the auction was therefore unlikely to attract outside bidders, enabling respondent to purchase the property at a depressed price.

In opposition to appellant's request, respondent argued that the property had been in receivership for over five years, that the sale was being conducted by a competent and disinterested referee, that appointment of appraisers would cause an unwarranted further delay in sale and development of the property, that appellant had failed to demonstrate the need for appraisal and minimum bid, and that appellant's concerns were at best premature, since the court retained power not to confirm any sale that brought an unfair price.

---

[1]Although that opinion was not published, we take judicial notice of it since it establishes the law of the case.

On January 10, 1985, the court denied appellant's motion for appointment of appraisers or establishment of a minimum bid.

Pursuant to the court's directions for conducting the sale, the referee placed extensive advertisements in the Los Angeles Times, Los Angeles Herald Examiner, Wall Street Journal, Western Real Estate News and Realtor News advertising sale of the property at public auction on March 29, 1985. Prospective buyers were required to submit sealed initial bids, accompanied by a cashier's check in the amount of 10 percent of the bid price. The highest sealed bid was $8 million. An auction was then held, at which the referee required minimum overbids in $150,000 increments. The trustee of the trust which was the source of appellant's interest in the property engaged actively in the bidding, making the next to the last bid in the amount of $12.2 million. Respondent made the final bid, jointly with Belvedere Corporation, purchasing the property for $12.35 million.

On April 19, 1985, the trial court conducted a hearing on the referee's request for confirmation of the sale. At that hearing, the court invited overbids. None were made. On April 25, 1985, the court entered its order confirming the sale.

On May 6, 1985, a motion for reconsideration was filed, in which appellant joined. The motion was supported by a February 27, 1985, declaration of Thomas A. Miller, a real estate appraiser. Miller evaluated the property for potential development as either a hotel or an office building, and further appraised its value if the 11 lots subject to the partition action were developed as an entity or if they were developed as part of the entire 16-lot parcel.[2] Miller concluded that development of the property as a hotel was the most lucrative use of the land, but that such development necessitated rezoning and faced strong citizen opposition. He also concluded that development as a hotel was not feasible for the 11 lots, but was only possible using the 16-lot parcel.

Miller appraised the land value of the 11-lot parcel at $195 a square foot. He appraised the value of the total parcel at $205 a square foot for office development, or $225 a square foot for hotel development. Calculated at $195 a square foot, the value Miller placed on the 11-lot parcel was $12.4 million.

The referee filed a statement in connection with the motion to reconsider in which he noted that the 16th lot was owned by strangers to the lawsuit

---

[2]Appellant has not contended that respondent had access to the purchase of the 16th lot.

and that the four lots owned outright by respondent were not subject to the interlocutory judgment of partition. The referee further noted that the sale price of $12.35 million was fair and reasonable in light of Miller's appraisal of $12.4 million for the 11-parcel unit comprising the subject property, and that the proportional value of the 11 lots, appraised by Miller as a part of the 16 lots at a price of $205 a square foot, was $13,036,155, or approximately 5 percent more than the price paid by respondent at auction.

Respondent filed opposition to the motion for reconsideration in which it noted that the auction produced competitive bidding, that the representative of appellant's trustee, who was participating in the bidding, had the Miller appraisal in his possession at the time of the auction and declined to offer a bid in excess of the $12.4 million fixed by the appraisal as a reasonable price for the 11-parcel unit, and that no one overbid the auction price at the confirmation hearing. Respondent also argued that the motion for reconsideration should be rejected because the purported "new facts" upon which it was based were not new at all since the Miller appraisal was available not only at the time of the confirmation hearing, but prior to the auction. The trial court denied the motion for reconsideration.

On June 27, 1985, the trial court entered its final judgment confirming the legal description and transfer of the subject property. ■ No appeal was taken from the final judgment, but appellant purports to appeal from the April 25, 1985, order confirming the sale of the property. This, of course, is a nonappealable order. Appellant seeks to have us treat it as an appealable order after final judgment within the meaning of Code of Civil Procedure section 904.1, subdivision (b). However, the judgment which said order succeeded, to wit: the judgment of partition, was not itself a final judgment within the meaning of Code of Civil Procedure section 904.1, subdivision (a), but an interlocutory judgment of partition made appealable by Code of Civil Procedure section 904.1, subdivision (i). Hence subdivision (b) of Code of Civil Procedure section 904.1 does not apply to it. The April 25, 1985, order was therefore a nonappealable interlocutory ruling.

Appellant requests that we treat his June 17, 1985, notice of appeal as a premature appeal from the June 27, 1985, final judgment. We have decided to do so.

■ Appellant's sole contention on appeal is that the trial court erred in failing to require a minimum bid at the sale. Appellant does not suggest what such minimum bid should have been. As the facts set forth above clearly demonstrate, the trial court did not abuse its discretion in failing to require

a minimum bid in advance of the sale nor in confirming the result of that sale.

Appellant argues that respondent enjoyed an unfair advantage in the bidding by virtue of its ownership of the four additional lots. Appellant's opening brief adverts to collusive and coercive activities by respondent to force partition of the property and to breaches of fiduciary duties by appellant's trustee which facilitated respondent's acquisition of the additional four lots. No evidentiary references to support these allegations are made. More importantly, these allegations are not properly part of the present appeal. The former allegations were before the court in the partition phase of the lawsuit. The decision of Division Four on appeal from the judgment of partition indicated that appellant did not challenge the propriety of respondent's acquisition of "its interest in the lawsuit." Presumably this refers to its 69 percent ownership of the subject property. The allegations relating to possible breach of fiduciary duties by appellant's trustee apparently remained to be tried in a separate phase of the lawsuit at the time of the partition and sale.

The only issue appropriately before us is whether the court's failure to set a minimum bid caused the property to be sold at an unfair price. Appellant's own evidence establishes that it did not. In the first place, the request for a minimum bid was predicated on the assumption that the auction would not generate competitive bidding. This assumption was not borne out. Secondly, given the appraiser's view that development of a hotel was an "iffy" prospect at best, it would have been an abuse of discretion for the court to have fixed a minimum bid in excess of the appraised value for purposes of development of the property for offices. Absent a showing that respondent had acquired the additional four lots improperly, it would have been an abuse of discretion for the court to have fixed a minimum bid for the property based on the value of the entire parcel rather than the 11-lot unit. Thus, the most favorable minimum bid which the court might have set, based upon the figures supplied by appellant's appraiser, would have been $12.4 million. Since the discrepancy between that price and the price paid by respondent was de minimis, no prejudice resulted from the failure to establish a minimum bid.

Respondent alleges that the appeal is frivolous and seeks imposition of sanctions against appellant. Pursuant to Code of Civil Procedure section 907, sanctions may be awarded for the filing of a frivolous appeal. (See also Cal. Rules of Court, rule 26(a).) *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179] sets forth alternate subjective and objective guidelines for determining whether an appeal is frivolous: "[A]n

appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id.* at p. 650.) Here, the imposition of sanctions is supported under both tests.

Appellant's brief is largely devoted to rehashing issues raised and decided in the prior appeal, a totally inappropriate exercise. To the extent that the brief considers issues relevant to the present appeal it is grossly misleading. Thus appellant asserts that respondent "tendered the sole and highest bid" at the auction, while the record discloses that there were at least three bidders, one of whom was a stranger to the present litigation. The factual allegations in support of appellant's basic argument that a minimum bid was necessary were therefore false. Appellant has further imposed upon the time and patience of this court by including in the record on appeal multiple volumes of clerk's transcript containing documents which are entirely irrelevant to the present appeal, or to the prior one, and which are not adverted to in any way in his briefs. This cavalier attitude toward the appeal is further manifestation of a generally slipshod approach to the appeal which is also demonstrated by the attempt to appeal from a nonappealable order.

In addressing the limited issue which is before the court on this appeal, appellant's brief totally ignores the existence of the Miller appraisal which contains the only relevant evidence in the record on the issue of valuation. This omission is, of course, totally consistent with appellant's earlier failure to bring the Miller report to the attention of the trial court until after that court had already issued its order confirming the partition sale. The fact that the Miller report clearly fails to support appellant's position that the sale price was unfair, and that no other evidence on valuation exists, leads inevitably to the conclusion that appellant's purpose, both in seeking reconsideration of the order confirming sale and in pursuing the matter on appeal, was purely dilatory. Appellant's own de minimis interest in the property provides additional confirmation that this appeal could not have been undertaken for a proper purpose, especially in light of the fact that other partial owners with far more substantial interests in the property than appellant had did not appeal the instant judgment. Clearly, any reasonable attorney would conclude that the appeal is "totally and completely devoid of merit." (*In re Marriage of Flaherty, supra,* 31 Cal.3d 637, 650.)

In compliance with the due process demands of *Flaherty, supra,* 31 Cal.3d at page 652, written notice was served upon counsel for appellant that at the time of oral argument in this matter, the court would consider the question

of whether sanctions should be imposed against appellant, his attorney of record on appeal, or both. After due consideration of the expenses and inconvenience to respondent occasioned by the appeal, and the expense and inconvenience to the court in adjudicating it, a penalty of $50,000 is hereby assessed against appellant Errett Allan Hummel and against his attorney, Marvin M. Mitchelson, $25,000 of which is to be paid to respondent by Errett Allan Hummel and $25,000 of which is to be paid to respondent by Marvin M. Mitchelson.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 27, 1987.