[No. A088082. First Dist., Div. Three. Nov. 30, 1999.]

CONSOLACION P. SOLIS, Plaintiff and Respondent, v.
EDGARDO P. VALLAR et al., Defendants and Appellants.

## COUNSEL

John M. Thorpe for Defendants and Appellants.

Andrew M. Zacks and James B. Kraus for Plaintiff and Respondent.

## OPINION

**PARRILLI, J.**—Consolacion P. Solis moves to dismiss an appeal by Edgardo P. Vallar from an order confirming a partition sale under Code of

Civil Procedure section 873.750.[1] Solis contends the order is not appealable, relying on *Hummel* v. *First National Bank* (1987) 191 Cal.App.3d 489, 493 [236 Cal.Rptr. 449]. We conclude *Hummel* was wrong on this point; both statutory and case law support the appealability of an order entered under section 873.750. Solis also argues that Vallar lacks standing to appeal. This claim has no merit. We deny the motion, and in view of that disposition we also deny Solis's motion for sanctions against Vallar for filing a frivolous appeal.

The record has not yet been filed; we take the background facts from the affidavit filed by Solis's counsel under California Rules of Court, rule 42(a) and the affidavit supporting the sanctions motion. Solis and Vallar are co-owners of a residence in Hayward. Solis wanted to sell her share of the property but Vallar, who was in the Philippines, did not respond to her communications. Solis filed this action to compel partition and sale. Vallar failed to answer and Solis took his default. The court ordered partition and sale, and denied Vallar's subsequent motion for relief from default. Vallar did not appeal from the interlocutory judgment directing the partition and sale, which is appealable under section 904.1, subdivision (a)(9). However, after his bid for the property was rejected in favor of another bidder, Vallar appealed from the court's order confirming the sale to the prevailing bidder. No final judgment terminating the partition proceedings has been entered.

In *Hummel*, the trial court confirmed a partition sale in April 1985 and entered a final judgment confirming the legal description and transfer of the property in June 1985. Hummel, who held a small beneficial interest in the property, filed a notice of appeal from the order confirming the sale. The court stated: "This, of course, is a nonappealable order. Appellant seeks to have us treat it as an appealable order after final judgment within the meaning of Code of Civil Procedure section 904.1, subdivision (b). However, the judgment which said order succeeded, to wit: the judgment of partition, was not itself a final judgment within the meaning of Code of Civil Procedure section 904.1, subdivision (a), but an interlocutory judgment of partition made appealable by Code of Civil Procedure section 904.1, subdivision (i). Hence subdivision (b) of Code of Civil Procedure section 904.1 does not apply to it. The April 25, 1985, order was therefore a nonappealable interlocutory ruling." (*Hummel* v. *First National Bank, supra,* 191 Cal.App.3d at p. 493.) Nevertheless, the court reached the merits by treating the notice of appeal as a premature appeal from the June 1985 final judgment. (*Ibid.*)

*Hummel* overlooked several aspects of the appealability issue. Our Supreme Court has held an order confirming a partition sale to be appealable

under a predecessor of section 904.1 whose terms paralleled the current version of the statute. (*Dunn* v. *Dunn* (1902) 137 Cal. 51, 56 [69 P. 847]; see also *Balkins* v. *Norrby* (1944) 64 Cal.App.2d 848, 849 [149 P.2d 396]; California Real Property Remedies Practice (Cont.Ed.Bar 1982) § 8.69, p. 304.) Section 904.1 in its modern form supports the same conclusion. Subdivision (a)(2) permits an appeal to be taken from "an order made after a judgment made appealable by paragraph (1)." Paragraph (1) specifically makes an interlocutory judgment directing partition appealable, by reference to paragraph (9).[2] The statute does not require a judgment preceding an appealable order to be "final" in the strict sense contemplated in *Hummel*—an appealable judgment is sufficient.

An order confirming a partition sale meets the three requirements developed by case law for an appealable order after judgment: the underlying judgment is appealable under section 904.1, subdivision (a)(1), the order involves issues different from those addressed in the underlying judgment, and it affects the judgment or relates to it by enforcing it or staying its execution. (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 651-652 [25 Cal.Rptr.2d 109, 863 P.2d 179].) Any doubt whether such an order is sufficiently final (see *Barnes* v. *Litton Systems, Inc.* (1994) 28 Cal.App.4th 681, 684 [33 Cal.Rptr.2d 562]) is resolved by section 874.240: "A conveyance or transfer pursuant to Sections 873.750 and 873.790 or Section 873.960 is binding and conclusive, in the same manner as a judgment." Section 873.750 governs the confirmation order, and calls for the court to "order the referee to execute a conveyance or other instrument of transfer." (§ 873.750, subd. (a).) Section 873.790 requires no further action by the court; it directs the referee to execute and record the conveyance or transfer upon fulfillment of the terms of sale. Section 873.960 governs transfer of title in a partition by appraisal rather than by sale.

Solis argues in the alternative that Vallar lacks standing to appeal. She relies on *Estate of Cahoon* (1980) 101 Cal.App.3d 434, 437 [161 Cal.Rptr. 651], which held that an unsuccessful bidder had only a prospective interest that terminated with the approval of another bid, leaving no interest sufficient to support standing as an aggrieved party. The same reasoning was followed by *In re Pacific Std. Life Ins. Co.* (1992) 9 Cal.App.4th 1197, 1200-1202 [12 Cal.Rptr.2d 50]. Vallar acknowledges his

---

[2]Section 904.1, subdivision (a)(1) allows an appeal "[f]rom a judgment, except (A) an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11) . . . ." Paragraph (9) makes appealable "an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made."

When *Hummel* was decided, current paragraph (a)(1) of section 904.1 was subdivision (a), current paragraph (a)(2) was subdivision (b), and current paragraph (a)(9) was subdivision (i). (Stats. 1984, ch. 29, § 2, pp. 93-94.)

appeal is a challenge to the court's approval of a bid competing with his. However, he argues he is not merely an unsuccessful bidder but also a one-half owner of the property, giving him an interest that is present, not merely prospective. We agree that this factor distinguishes the case from *Cahoon* and *Pacific Std.* The terms of the sale approved by the court directly affect Vallar's ownership interest. If the prevailing bid was defective in some way, Vallar has an existing stake in the property being sold that entitles him to be heard, unlike a bidder who possesses only a rejected offer.[3] Therefore, Vallar must be considered an aggrieved party with standing to appeal the confirmation order. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953]; *In re Pacific Std. Life Ins. Co., supra*, 9 Cal.App.4th at p. 1201.)

## DISPOSITION

The motions for dismissal and sanctions are denied.

McGuiness, P. J., and Corrigan, J., concurred.

---

[3]The situation would be different in a case where the court ordered partition both by physical division and by sale, and the complaining party lacked an ownership interest in the portion being sold. (See § 872.830 [authorizing partial division and sale]; *Butte Creek Island Ranch* v. *Crim* (1982) 136 Cal.App.3d 360, 365-366 [186 Cal.Rptr. 252] [physical division is preferred method of partition].) If such a party's bid were rejected, he would be in the same position as the disappointed bidders in *Cahoon* and *Pacific Std.*