Filed 10/19/15  Pippins v. Estate of Christine Young CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KATHY PIPPINS, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ESTATE OF CHRISTINE YOUNG, <br><br> Defendant; <br><br> DAVID JAH, <br><br> Movant and Appellant. | A142022 <br><br> (San Francisco County <br> Super. Ct. No. CGC10501108) |

David Jah (appellant) appeals from the trial court's order denying his motion to set aside the interlocutory judgment in this partition action.  We affirm.

BACKGROUND

We recite only the background relevant to this appeal.  In 2010, Kathy Pippins (respondent), in her capacity as administrator of the Estate of Mary Elizabeth Pippins (Pippins Estate), filed this partition action against the Estate of Christine Eileen Young (Young Estate).  The complaint alleged the Pippins Estate and the Young Estate were both owners of certain real property in San Francisco (Property) and sought a partition by sale.  Teal Jaa (Jaa), in her capacity as administrator of the Young Estate, filed an answer. Jaa was initially represented by counsel but in January 2012 her counsel withdrew without substituting new counsel.

1

In December 2012, appellant, an heir to the Young Estate, filed a motion to be added as a defendant. In a January 2013 order, the trial court construed the motion as one seeking intervention and denied it.

Trial was held in January 2013. Jaa appeared for the Young Estate without counsel. An interlocutory judgment issued, ordering the Property partitioned by sale and appointing a partition referee. In March 2013, appellant filed a motion to vacate the January interlocutory judgment on the ground that Jaa could not act on behalf of the Young Estate while unrepresented by counsel. Respondent stated her position that appellant lacked standing to set aside the interlocutory judgment but agreed the interlocutory judgment should be voided. The trial court found appellant lacked standing and set aside the interlocutory judgment based on respondent's arguments and brief. The order set a new trial date of July 15, 2013. Both Jaa and appellant were served with a copy of this order.

At the July 2013 trial, no appearance was made on behalf of the Young Estate. Following trial, an interlocutory judgment issued directing the Property be partitioned by sale and appointing a partition referee. Jaa was served with notice of the interlocutory judgment.

In June 2014, appellant filed a motion to set aside and vacate the July 2013 interlocutory judgment. The trial court denied the motion, and this appeal followed.

DISCUSSION

Appellant sought to set aside the interlocutory judgment on the ground that it was the result of extrinsic fraud or mistake or, alternatively, void.[1] (*Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 314–315 (*Gibble*); Civ. Proc. Code, § 473,

_____

[1] For the first time in his reply brief, appellant attempts to "supplement[] his appeal" to include the trial court's denial of his motion to intervene, and claims to appeal from the trial court's denial of a motion he filed to shorten the time in which to hear his motion to set aside the interlocutory judgment. We decline to consider these belated arguments. (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10 [" ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before" ' "].)

2

subd. (d).)[2]  " 'Extrinsic fraud occurs when a party is deprived of his opportunity to present his claim or defense to the court, where he was kept in ignorance or in some other manner fraudulently prevented from fully participating in the proceeding.  [Citation.] Examples of extrinsic fraud are: concealment of the existence of a community property asset, failure to give notice of the action to the other party, convincing the other party not to obtain counsel because the matter will not proceed (and it does proceed).' " (*Gibble, supra,* at p. 315.)  A judgment is void when, for example, " 'the court lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant.' " (*Sindler v. Brennan* (2003) 105 Cal.App.4th 1350, 1353.)

As an initial matter, respondent challenges appellant's standing to appeal.  We will assume, without deciding, that appellant has standing to appeal.  (See *Padres Hacia Una Vida Mejor v. Davis* (2002) 96 Cal.App.4th 1123, 1129 [assuming standing to appeal "[f]or purposes of this decision"].)[3]

Respondent does not challenge the order's appealability, and we agree that it is appealable.  (§ 904.1, subd. (a)(9) ["interlocutory judgment in an action for partition

---

[2] All undesignated section references are to the Code of Civil Procedure.

[3] We note that while appellant does not dispute that a one-half interest in the Property belongs to the Young Estate, he points to language in an appellate decision in the Pippins Estate probate case stating he personally holds title to this one-half interest.  The sole issue in that appeal was whether the *other* one-half interest belonged to the Pippins Estate or to appellant.  Accordingly, this language has no collateral estoppel effect with respect to appellant's interest in the Young Estate's one-half interest, and appellant does not so argue.  (*Creative Ventures, LLC v. Jim Ward & Associates* (2011) 195 Cal.App.4th 1430, 1450 (*Creative Ventures*) [" 'Collateral estoppel precludes the relitigation of an issue only if . . . the issue was actually litigated' "].)  In addition, although this court noted appellant was a co-owner in its discussion rejecting his adverse possession claim in the Pippins Estate probate appeal, it was not dispositive to the issue as we also found "no evidence that [appellant's] possession of the house was adverse to the decedent, who had allowed him to live there."  (See *Aaron v. Dunham* (2006) 137 Cal.App.4th 1244, 1252 [adverse possession must be "adverse," meaning " ' "the owner has not expressly consented to it" ' "]; *Creative Ventures, supra,* at p. 1451 [" ' "In order for the determination of an issue to be given preclusive effect, it must have been necessary to a judgment." ' "].)

3

determining the rights and interests of the respective parties and directing partition to be made" is appealable]; *Solis v. Vallar* (1999) 76 Cal.App.4th 710, 713 [order following interlocutory judgment in partition actions can be appealable order after judgment under § 904.1, subd. (a)(2)]; *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 [order denying § 473 motion to vacate is appealable order after judgment]; *Cope v. Cope* (1964) 230 Cal.App.2d 218, 229 [order denying motion to set aside judgment based on extrinsic fraud or mistake is appealable order after judgment].)

Appellant argues the interlocutory judgment was based on extrinsic fraud or mistake because he was not a party in the partition action. We disagree. "The personal representative [of an estate] may . . . [d]efend actions and proceedings against the decedent, the personal representative, or the estate." (Prob. Code, § 9820.) An heir's interest in the estate's property is represented by the personal representative. (*Jay v. Dollarhide* (1970) 3 Cal.App.3d 1001, 1031.) The failure to include or add appellant as a party did not constitute extrinsic fraud or mistake.

Appellant also argues Jaa failed to represent his interests in the partition action. Appellant was served with notice of the July 2013 trial and, by that time, had expressed concerns about Jaa's representation of the Young Estate's interests in his motion to set aside the prior interlocutory judgment as well as in his objection to a settlement agreement signed by Jaa (but apparently not enforced). Appellant could have sought, in the Young Estate probate proceedings, an order directing Jaa to act in a certain way or removing her altogether as personal representative of the Young Estate. (Prob. Code, §§ 8500, 8502 [interested persons may petition for removal of personal representative where "necessary for protection of the estate or interested persons"]; Prob. Code § 9613, subd. (a) ["On petition of any interested person, and upon a showing that if the petition is not granted the estate will suffer great or irreparable injury, the court may direct the personal representative to act or not to act concerning the estate."].) Accordingly,

4

appellant was not " 'fraudulently prevented from fully participating in the proceeding.' " (*Gibble, supra,* 67 Cal.App.4th at p. 315.)[4]

Appellant claims extrinsic fraud due to improper conduct by the attorney representing the Young Estate at the beginning of the litigation. However, the only record citation he provides in support of this claim is to the attorney's motion to be relieved as counsel, in which the attorney states he and Jaa "have an inability to communicate effectively." This does not establish any fraudulent conduct on the part of the attorney.

Appellant next claims extrinsic fraud due to the representation by respondent's counsel at the interlocutory judgment trial that appellant was a "squatter." The characterization of appellant as a "squatter" took place solely in connection with a discussion with the trial court about which department of the superior court any subsequent disputes relating to the interlocutory judgment should be brought in. Moreover, it does not appear that the trial court accepted this representation, later commenting on "the squatter, as you qualify that person . . . ." Appellant has not shown the representation—assuming it is fraudulent—had any material impact on the interlocutory judgment.

Appellant also contends the interlocutory judgment is void. He appears to argue it improperly awards an interest in the Property to respondent personally. Appellant quotes the judgment as finding " 'Kathy Pippin's [sic] is owner of a one half 1/2 interest in the property.' " In fact, the interlocutory judgment finds "*Plaintiff* is the owner of an undivided one-half (1/2) interest in the property" (italics added); respondent is the plaintiff only in her capacity as administrator of the Pippins Estate. The interlocutory judgment does not award any interest in the Property to respondent personally.

Appellant targets the portion of the interlocutory judgment granting the partition referee authority to "take all steps necessary, including the initiation of litigation, to

---

[4] For the same reasons, we reject appellant's argument that his exclusion from the proceedings violated his right to due process.

remove the following individuals from the property: [appellant], his minor children and any other individuals occupying the property." Appellant contends that, because pursuant to the trial court's order he was not a party to the litigation, the trial court "had no authority to litigate his property rights in his absence, or to authorize [the] partition referee to remove him and his minor children from the real property." The interlocutory judgment does not authorize the referee to remove appellant, but rather authorizes her to take the steps necessary to do so, including litigation if necessary. The interlocutory judgment therefore contemplates that a separate proceeding, in which appellant would have the opportunity to litigate his property rights, would be required before the referee could in fact remove appellant. Moreover, the order authorizing the referee to take these steps was appropriate. A partition referee authorized to sell property may perform any acts necessary to exercise that authority (§§ 873.010, 873.060), and there is evidence in the record that appellant prevented a previous sale attempt by refusing to allow prospective buyers to view the Property.

Appellant raises a number of other arguments in a section of his brief contending the partition complaint failed to state a cause of action. He also contends the trial court abused its discretion by appointing Christy Styer as the partition referee. Because appellant cites no authority that the insufficiency of a complaint and an abuse of discretion in appointing a partition referee are bases for setting aside a judgment as void or based on extrinsic fraud or mistake, we decline to consider these arguments.[5]

## DISPOSITION

The order is affirmed. Respondent shall recover her costs on appeal.

---

[5] Appellant contends, among other arguments, that the petition failed to state a claim because it failed to join the personal representative of the Young Estate as a defendant. Because appellant does not contend on appeal that this renders the interlocutory judgment void, any such argument is forfeited and we do not consider it. (*Kelly v. CB&I Constructors, Inc.* (2009) 179 Cal.App.4th 442, 451-452.) Accordingly, we need not address respondent's request that we amend the interlocutory judgment to name the personal representative of the Young Estate as the defendant rather than the Young Estate. We express no opinion as to whether respondent can obtain this relief in the trial court.

6

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.