Filed 1/20/21  Taylor v. Forde CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RANDY TAYLOR et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>STEPHEN FORDE,<br><br>Defendant and Appellant. | B298957<br><br>(Los Angeles County<br>Super. Ct. No. BC597720) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael P. Vicencia, Judge.  Dismissed.

Delman Vukmanovic, John Vukmanovic, and Dana Delman for Plaintiffs and Respondents.

Henry J. Josefsberg for Defendant and Appellant.

# INTRODUCTION

Stephen Forde appeals from an order granting a motion by Randy Taylor, Reyna Taylor, and Steve Hawrylack for terminating sanctions, striking Forde's answer, entering his default, striking his cross-complaint, and imposing $5,097.50 in monetary sanctions. Because the order imposing terminating sanctions is not appealable and Forde does not challenge the order imposing monetary sanctions, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

This is the next installment in a series of appeals in various actions, all involving a dispute over several pieces of real property, that began in 2011 and that have spread like craquelure through the superior, bankruptcy, and appellate courts. Those interested can find more comprehensive factual summaries and procedural histories in the other appellate decisions involving these and related parties. (See, e.g., *Forde v. HSBC Bank USA, N.A. et al.* (Nov. 20, 2019, B291582) [nonpub. opn.]; *Taylor et al. v. Unruh* (Nov. 6, 2018, B280376) [nonpub. opn.].)

Briefly: In April 2011, after Forde acquired part interest in four residential rental properties—"Maple 1," "Maple 2," "Verdugo," and the "Jackson duplex"—co-owned and managed by the Taylors and Hawrylack, he sued the Taylors and Hawrylack for allegedly mismanaging the properties (*Forde v. Hawrylack et al.* (Super. Ct. Los Angeles County, 2011, No. YC064625)). The parties settled that case in September 2012. The settlement agreement provided Forde would manage the properties.

In October 2015 the Taylors and Hawrylack filed this action against Forde for partition of Maple 1 and Maple 2, breach of contract, an accounting, waste, and conversion. The Taylors and Hawrylack alleged that Forde, while managing those properties under the September 2012 settlement agreement, took rental income to which he was not entitled and for which he did not account, did not make payments on the loans secured by deeds of trust on the properties, and did not properly maintain the properties. The Taylors and Hawrylack sought to have the properties sold and to recover from Forde the portions of the rents they claimed he improperly retained. Forde subsequently filed a cross-complaint for breach of contract, breach of fiduciary duty, accounting, and waste.

In November 2015 the trial court granted a motion by the Taylors and Hawrylack to appoint a receiver to manage Maple 2. In May 2018 the trial court entered an interlocutory judgment of partition, appointing a referee to manage and sell Maple 1 and Maple 2. Forde appealed the interlocutory judgment, but was ultimately unable to post a sufficient bond to stay enforcement of the interlocutory judgment pending the appeal, and the receiver sold the properties. This court dismissed Forde's appeal from the partition judgment as moot.

Meanwhile, discovery in the case continued, but it did not go smoothly. The court granted several rounds of discovery motions filed by the Taylors and Hawrylack, including motions to compel Forde to comply with his discovery obligations, to comply with court orders, for monetary sanctions, and for evidentiary sanctions. After Forde continued to violate the court's orders, the Taylors and Hawrylack filed another batch of discovery

3

motions, one of which was a motion for terminating sanctions that included a request for monetary sanctions.

On April 30, 2019 the trial court granted the motion for terminating sanctions, entered Forde's default, struck Forde's cross-complaint, ordered Forde (but not his attorney) to pay $5,097.50 in monetary sanctions, and set the case for a default prove-up hearing. The court continued the hearings on four additional discovery motions by the Taylors and Hawrylack, as well as a motion for the attorneys' fees they incurred on appeal from the partition judgment.

Forde filed a notice of appeal. It stated he was appealing "from the April 30, 2019 Minute Order, . . . subsequent Orders that may relate to the April 20 [*sic*] Minute Order, and the Judgment in this matter." The notice of appeal also stated: "An appeal from the prior interlocutory judgment in this matter has already been filed." The Taylors and Hawrylack filed a motion to dismiss the appeal.

## DISCUSSION

A.  *The Order Imposing Terminating Sanctions Is Not Appealable*

An order granting a motion for terminating sanctions for discovery violations is not appealable. (*Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 940 (*Nickell*); see *Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 196 [order imposing terminating sanctions was "not a judgment," did "not purport to dismiss the action nor otherwise equate with rendition of judgment," and was not "a separately appealable order"]; *Good v. Miller* (2013) 214 Cal.App.4th 472, 475 [dismissing an

"appeal from [an] order granting terminating sanctions, which is a nonappealable order"].) Instead, the aggrieved party "must await appeal from a final judgment." (*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 387; see *Department of Forestry*, at p. 196 ["trial court's order awarding terminating sanctions has no effect at all unless and until the trial court enters a judgment of dismissal or other order effectuating its award of terminating sanctions"]; *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 264 (*Mileikowsky*) ["an order granting a request for terminating sanctions is not appealable and the losing party should ordinarily await entry of the order of dismissal to file a notice of appeal"].)

The trial court granted the motion by the Taylors and Hawrylack for terminating sanctions on April 30, 2019. The court did not enter judgment on the complaint or the (stricken) cross-complaint. Instead, the court entered Forde's default, struck his answer and cross-complaint, and set a default prove-up hearing for August 19, 2019. There is nothing in the record suggesting the court ever held the default prove-up hearing or entered a judgment. The last document in the record, a minute order dated January 27, 2020, states that the court took the default judgment prove-up hearing off calendar and set a case management conference for February 19, 2020.[1] Therefore,

---

[1]     On February 3, 2020 the court reset the case for trial on June 1, 2020. The court subsequently continued the trial on April 10, 2020 to August 24, 2020, on July 14, 2020 to October 26, 2020, and on October 6, 2020 to March 22, 2021. On October 14, 2020 the court approved the parties' stipulation to extend the five-year deadline to bring the case to trial under Code of Civil Procedure section 583.330. We take judicial notice of the trial

absent an applicable exception to the rule that an order imposing terminating sanctions is not appealable, the appeal must be dismissed. (See *Lein v. Parkin* (1957) 49 Cal.2d 397, 399 [an appeal from a nonappealable order must be dismissed]; *Aixtron, Inc. v. Veeco Instruments Inc.*, *supra*, 52 Cal.App.5th at p. 384 ["An appeal from a judgment or order that is not appealable must be dismissed."]; *Harrington-Wisely v. State of California* (2007) 156 Cal.App.4th 1488, 1495 ["as a general rule this court does not entertain appeals from nonappealable orders"].) Forde relies on two such exceptions, neither of which applies (and one of which may not exist).

B. *The Order Imposing Terminating Sanctions Is Not Appealable as an Order After an Appealable Judgment*

Forde argues that under Code of Civil Procedure section 904.1, subdivision (a)(2),[2] the April 30, 2019 order imposing terminating sanctions against him is appealable as an order after an appealable judgment. Which judgment? According to Forde, the May 2018 interlocutory partition judgment, which was appealable under section 904.1, subdivision (a)(9).

Section 904.1, subdivision (a)(1), provides that an appeal may be taken from a judgment, other than an interlocutory judgment, except as specifically provided in other provisions of

court's February 3, 2020, April 10, 2020, July 14, 2020, and October 6, 2020 minute orders and the court's October 14, 2020 stipulated order. (See Evid. Code, §§ 452, subd. (d), 459.)

[2] Undesignated statutory references are to the Code of Civil Procedure.

section 904.1, subdivision (a). The May 2018 interlocutory judgment for partition was one of the specific exceptions made appealable by section 904.1, subdivision (a)(9). Section 904.1, subdivision (a)(2), provides that an appeal may be taken from "an order made after a judgment made appealable by paragraph (1)." (See *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127; *City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 601.) Because the May 2018 interlocutory partition judgment was appealable under section 904.1, subdivision (a)(9), not section 904.1, subdivision (a)(1), the order imposing terminating sanctions is not appealable under section 904.1, subdivision (a)(2). (See *Hummel v. First National Bank* (1987) 191 Cal.App.3d 489, 493 [because "the judgment of partition . . . was not itself a final judgment within the meaning of . . . section 904.1, subdivision (a) [now section 904.1, subdivision (a)(1)], but an interlocutory judgment of partition made appealable by . . . section 904.1, subdivision (i) [now section 904.1, subdivision (a)(9)]," "subdivision (b) [now subdivision (a)(2)] of . . . section 904.1 does not apply to it"]; cf. *Solis v. Vallar* (1999) 76 Cal.App.4th 710, 713 [section 904.1, subdivision (a)(1) "specifically makes an interlocutory judgment directing partition appealable, by reference to [section 904.1, subdivision (a)](9)"].)

    C.    *The Order Imposing Terminating Sanctions Is Not Appealable as an Order Inextricably Intertwined with an Appealable Order Imposing Monetary Sanctions*

Citing language in *Nickell*, *supra*, 206 Cal.App.4th 934 and *Mileikowsky*, *supra*, 128 Cal.App.4th 262, Forde also argues the order imposing terminating sanctions is appealable because it is "inextricably intertwined" with the order imposing $5,097.50 in

7

monetary sanctions, which is appealable under section 904.1, subdivision (a)(12), because it is an order imposing more than $5,000 in monetary sanctions (although the Taylors and Hawrylack have offered to forgo the $97.50). Forde contends that his arguments "addressing terminating sanctions are the same arguments as would result in reversal of the monetary sanctions," that the "determination of the basis for either monetary or termination sanctions is the same," and that the Taylors and Hawrylack moved for termination sanctions and monetary sanctions "on exactly the same grounds . . . and advanced the same arguments for both types of sanctions . . . ."

In *Nickell* the trial court granted a motion by the plaintiff for terminating sanctions, entered the defaults of the two defendants, awarded $715 in monetary sanctions against one of the defendants, and subsequently entered judgment against both defendants without holding an evidentiary hearing, as required by section 764.010. (*Nickell*, *supra*, 206 Cal.App.4th at pp. 939, 941.) In rejecting the plaintiff's argument that the time for the defendants to appeal ran from entry of the order imposing monetary sanctions and not from entry of the default judgment, the court stated: "An order granting terminating sanctions is not appealable, and the losing party must await the entry of the order of dismissal or judgment *unless* the terminating order is inextricably intertwined with another, appealable order." (*Id.* at p. 940.) The court held that "the order granting terminating sanctions [was] not inextricably intertwined with another, appealable order" and that "the time to file an appeal commenced on the day judgment was entered." (*Ibid.*)

In *Mileikowsky* the court imposed terminating sanctions against the plaintiff for repeated discovery violations and

8

awarded the defendants $8,500 in monetary sanctions, and the plaintiff appealed. (*Mileikowsky*, *supra*, 128 Cal.App.4th at pp. 273-275.) The court denied the defendants' motion to dismiss the appeal "on the ground that sanction orders in amounts greater than $5,000 are appealable and that we would 'proceed to review the imposition of the monetary discovery sanctions.'" (*Ibid.*) But the court in *Mileikowsky* concluded it was unable to limit its review to the order imposing monetary sanctions: "However, despite our attempt to limit the appeal, it appears from the parties' briefs that monetary sanctions were based on the same conduct that led to terminating sanctions, and the two are inextricably intertwined. Indeed, [the plaintiff's] principal argument on appeal is that the monetary award, based as it was on the fees and costs incurred in prosecuting the motion for terminating sanctions, should be reversed because the motion for terminating sanctions was not appropriate and should have been denied and [the defendants] 'should not be rewarded for making an unsuccessful motion.' We, therefore, turn to the issue of whether [the defendants'] motion for terminating sanctions was well taken." (*Id.* at pp. 275-276.) The court also stated: "[A]lthough we attempted to limit our review to issues pertaining to the monetary sanctions awarded, our reasoning necessarily encompasses the propriety of granting terminating sanctions. We presume, therefore, that after the remittitur issues, an order striking the operative complaint and dismissing the action will be entered." (*Id.* at p. 264, fn. omitted.)

We question whether the inextricably intertwined exception mentioned by the courts in *Nickell* and *Mileikowsky* is valid. (See *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 ["The right to appeal is wholly statutory."];

9

*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 109 ["the right of appeal is wholly statutory in origin"]; *Levinson Arshonsky & Kurtz LLP v. Kim* (2019) 35 Cal.App.5th 896, 903 ["Unless an order is expressly made appealable by a statute, this court has no jurisdiction to consider it."]; *In re Marriage of Djulus* (2017) 10 Cal.App.5th 1042, 1051, fn. 4 ["The right to appeal is wholly governed by statute, and appellate courts have no jurisdiction to consider appeals, except as provided by statute."].)  Notably, the court in *Nickell* did not hold an order imposing terminating sanctions and an order imposing monetary sanctions are inextricably intertwined, and indeed the court concluded the orders in that case were extricably untwined.  The court in *Mileikowsky* did not hold there was an "inextricably intertwined" exception to the rule that an order imposing terminating sanctions is not appealable; the court essentially lamented it was unable to confine its review to what it wanted to limit the appeal to: review of the order imposing monetary sanctions.

In any event, the order imposing terminating sanctions here is not inextricably intertwined with the order imposing monetary sanctions.  Indeed, Forde essentially concedes as much by not addressing the order imposing monetary sanctions in his opening brief.  Forde argues at length the court erred in imposing terminating sanctions, but he does not write a word suggesting the court erred in imposing monetary sanctions.  (Cf. *Mileikowsky*, *supra*, 128 Cal.App.4th at p. 276 [plaintiff's principal challenge on appeal was to the order imposing monetary sanctions].)  To the contrary, Forde acknowledges that "he could be said to have been anything but punctilious" in his discovery responses, "imperfect though they may have been," and

10

asks only that this court "reverse the terminating sanction and remand to allow this matter to proceed on its merits."

Moreover, the order imposing terminating sanctions and the order imposing monetary sanctions served different purposes. The former order leveled the litigation playing field by compensating the Taylors and Hawrylack for Forde's refusal to provide in discovery the information they needed to prosecute their complaint and defend against Forde's cross-complaint. (See *Department of Forestry & Fire Protection v. Howell, supra*, 18 Cal.App.5th at p. 191 [discovery sanctions are designed to alleviate "the harm caused by the misuse of the discovery process"]; *Padron v. Watchtower Bible & Tract Society of New York, Inc.* (2017) 16 Cal.App.5th 1246, 1259-1260 [because "'[d]iscovery sanctions are intended to remedy discovery abuse, not to punish the offending party," discovery sanctions "'should be tailored to serve that remedial purpose, should not put the moving party in a better position than he would otherwise have been had he obtained the requested discovery, and should be proportionate to the offending party's misconduct'"]; *NewLife Sciences, LLC v. Weinstock* (2011) 197 Cal.App.4th 676, 689, fn. 10 ["Sanctions should be designed to remedy discovery abuses, but should not put the party seeking the sanctions in a better position than he or she would have been in, had the requested discovery been provided."].) The latter order compensated them for the attorneys' fees they incurred in having to prepare and file the motion Forde unsuccessfully opposed without substantial justification.[3] (See §§ 2023.010, 2023.030, subd. (d).)

---

[3] The $5,097.50 amount is for 15.5 hours of work by counsel for the Taylors and Hawrylack in connection with the motion, at the hourly rate of $325, plus a $60 filing fee.

11

## DISPOSITION

The motion by the Taylors and Hawrylack to dismiss the appeal is granted, and the appeal is dismissed.  Forde's motion to correct the notice of appeal is denied.  The Taylors and Hawrylack are to recover their costs on appeal.


SEGAL, J.


We concur:



PERLUSS, P. J.



FEUER, J.