Filed 12/14/21  Lee v. United Escrow Co. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CAROLINE S. LEE, | B308739 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC697147) |
| v. | |
| UNITED ESCROW COMPANY et al., | |
| Defendants and Respondents; | |
| BOW TIE REALTY & INVESTMENT, INC., | |
| Intervener and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Samantha P. Jessner, Judge.  Affirmed.

Jack H. Karpeles for Plaintiff and Appellant.

Kim, Park, Choi & Yi and Michael Yi; Biggins Law Group and Chad Biggins for Defendant and Respondent United Escrow Company.

Biggins Law Group and Chad Biggins for Intervener and Respondent Bow Tie Realty & Investment, Inc.

No appearance for Defendant and Respondent Tracy Ko.

_____

In Caroline Lee's first appeal, she challenged a judgment against her on a complaint-in-intervention filed by Bow Tie Realty & Investment, Inc. relating to commissions Lee owed on the sale of her real property. (*Lee v. Lee et al.*, case no. B303369 (*Lee I*).) Lee's first appeal was dismissed after she failed to comply with this court's order that she file a notice designating the record on appeal and proof of service of the notice of appeal. Lee then filed an ex parte application in the superior court seeking to correct the court's notice of non-compliance that led to this court dismissing the appeal. The superior court denied her ex parte application, and Lee again appealed.

Lee contends in this appeal that the superior court erred in denying her ex parte application because the two missing documents had been filed in the superior court. Although it is true the clerk had previously filed the notice designating the record on appeal in the superior court, a proof of service of the notice of appeal was never filed. And Lee did not comply with this court's order that she file the two documents. We have serious doubts whether the superior court's order denying Lee's ex parte application is an appealable order, but even if it is, we agree with Bow Tie that we do not have jurisdiction to consider

the portion of Lee's appeal challenging the underlying judgment and the court's award of attorneys' fees for Bow Tie. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.   *The Complaints, Trial, and Judgments*

On March 7, 2018 Lee filed a complaint alleging causes of action against United Escrow Company (United) and Bow Tie for breach of contract, resulting trust, negligence, and breach of fiduciary duty. The complaint also asserted causes of action for breach of fiduciary duty against Bow Tie's chief executive officer, Jong Han Lee,[1] and United's escrow officer, Tracy Ko.

The complaint alleged Lee entered into a listing agreement in 2017 with Bow Tie for the sale of real property, and Bow Tie left the space on the agreement for the commission blank, failed to provide a copy to Lee, then on "the eve of close of escrow" inserted a "false[]" six percent commission on the agreement. The complaint further alleged Lee entered into an escrow agreement with United regarding the same transaction, and United breached the agreement by withholding $87,250 from Lee after the close of escrow for Bow Tie's commission.

After Bow Tie and Jong Han filed a motion to compel arbitration, on June 5, 2018 the trial court dismissed the action as to Bow Tie and Jong Han without prejudice, at Lee's request. On June 29 Bow Tie filed an ex parte application for leave to intervene, arguing that Bow Tie was initially named in the lawsuit and had an interest in the disputed commission that was being held by United as the escrow company. The court granted

---

[1]   We refer to Jong Han Lee as Jong Han to avoid confusion.

3

Bow Tie's application, and on July 17, 2018 Bow Tie filed a complaint-in-intervention, alleging causes of action against Lee for breach of contract, quantum meruit, fraud, and conversion. Bow Tie alleged Lee hired Bow Tie to sell the real property; Bow Tie performed all its obligations under the listing agreement except those Lee prevented it from performing; and escrow closed on the property; but Lee failed to pay Bow Tie its 4 percent commission on the sale (of the total 6 percent commission), as provided in the listing agreement. Bow Tie sought $139,600 in damages, which constituted 4 percent of the $3,490,000 selling price.

A court trial commenced on August 27, 2019.[2] Lee called Ko as a witness, then Lee testified on her own behalf. At the close of Lee's case-in-chief, the trial court granted United's motion for judgment. (Code Civ. Proc., § 631.8.)[3] Bow Tie called Jong Han to testify as its sole witness, and Lee testified in rebuttal. After closing arguments, on August 29 the court granted judgment in favor of Bow Tie as to all claims in the amount of $139,600 in compensatory damages and $500,000 in punitive damages. In its oral statement of decision, the trial court described Lee's case as "brazen" and "malicious." The court found Lee was "utterly lacking in credibility," whereas Jong Han was credible.

On September 17, 2019 the trial court entered judgment for Bow Tie and a separate judgment for United and Ko. On

---

[2] Judge Barbara M. Scheper presided over the court trial and entered the judgments against Lee.

[3] Further undesignated statutory references are to the Code of Civil Procedure.

4

October 20, 2019 the court granted Bow Tie's motion seeking $143,137.50 in attorneys' fees.

B.	*Lee's Appeal from the Judgment (No. B303369)*

On December 30, 2019 Lee filed an ex parte application in the superior court "for order to allow processing of notice of appeal timely filed on November 15, 2019." (Capitalization omitted.) Lee submitted an attorney declaration stating that on November 15, 2019 Lee attempted to file a notice of appeal from the judgment for Bow Tie on the superior court's electronic filing system. However, on November 18 Lee's counsel received a "notice of court rejection of electronic filing" (capitalization omitted) stating the court had rejected the filing because "[t]he case title is missing from the case caption on the [d]ocument." Lee attached as exhibits the court's rejection notice, the rejected notice of appeal (with the case number but no caption), and a proof of service signed by Lee's attorney averring that he served opposing counsel with the notice of appeal "via electronic filing." Lee requested the court file her notice of appeal with a date stamp of November 15, 2019.

On December 31, 2019 the superior court[4] granted Lee's ex parte application and directed the clerk "to file stamp the Notice of Appeal with the date of November 15, 2019." The clerk filed the notice of appeal but did not file the proof of service Lee attached as an exhibit to her ex parte application.[5]

---

[4]	Judge Ruth Ann Kwan.

[5]	The notice of appeal was received by this court on January 3, 2020, initiating the appeal in *Lee I, supra*, B303369. On our own motion we augment the record with the appellate

5

On January 8, 2020 the superior court clerk issued a notice of default on Lee's appeal. The notice identified the reasons for default, among others, as Lee's "[f]ailure to timely serve and file notice designating the record on appeal pursuant to [California Rules of Court], rule 8.121" and "[f]ailure to serve and file Proof of Service of notice of appeal pursuant to [California Rules of Court], rule 8.25." (Underlining omitted.) The notice gave Lee until January 23, 2020 to correct the defects.

On March 6, 2020 Lee filed an ex parte application in the superior court "for order to allow processing of notice designating record on appeal, timely filed on February 10, 2020." (Capitalization omitted.) Lee's attorney averred in his supporting declaration that Lee had attempted to file the notice designating the record on appeal using the superior court's electronic filing system on January 27, January 28, and February 10, 2020, but each time the filing was rejected. Lee requested the superior court accept her notice designating the record on appeal with a filing date of February 10. On March 23, 2020 the superior court[6] granted Lee's request and directed the clerk to stamp Lee's notice designating the record on appeal as filed on February 10, 2020. The record reflects that the clerk

---

record in *Lee I*. (Cal. Rules of Court, rule 8.155(a)(1)(A); see rule 8.147(b).) It is unclear whether Lee intended in *Lee I* to appeal both the Bow Tie and United judgments. Lee named Bow Tie and United in her civil case information statement, but she only attached the judgment in favor of Bow Tie. For purposes of this opinion, we treat Lee's first appeal as being taken from the judgment for Bow Tie. United has filed a respondent's brief in this appeal, although it is not clear whether it is a proper party.

[6]     Judge Samantha P. Jessner.

6

filed Lee's notice designating the record on appeal with a February 10, 2020 date stamp.

On April 7, 2020 this court dismissed Lee's appeal, finding she was "in default pursuant to Rule 8.140(b), California Rules of Court."[7]  On April 22, 2020 Lee moved to reinstate the appeal, arguing she "was overcome by procedural difficulties in the Superior Court's electronic filing system that occasioned two supportive rulings from . . . the Superior Court."  Lee attached the December 31, 2019 and March 23, 2020 minute orders in which the superior court granted her ex parte applications to file her notice of appeal and notice designating the record on appeal, respectively.

On April 30, 2020 this court reinstated Lee's appeal.  The court's order stated, "Appellant is granted relief from any and all current defaults occasioned by appellant's failure to perform acts required by the rules of court.  [¶]  Appellant shall within 45 days from the date of this order file a notice designating the record on appeal (Ca[l]. Rules of Court, rule 8.121) and file a proof of service of notice of appeal (Ca[l]. Rules of Court, rule 8.25).  All acts (except for payment of fees) in compliance with this relief order are to be performed via the Los Angeles County Superior Court's electronic filing service provider. . . .  [¶]  . . .  If appellant fails to cure the default in a timely manner, the Clerk of the

---

[7]     California Rules of Court, rule 8.140(b) provides in relevant part, "If a party fails to take the action specified in a notice [of default] given [by the superior court] under (a), the superior court clerk must promptly notify the reviewing court of the default, and the reviewing court may impose one of the following sanctions: [¶]  (1)  If the defaulting party is the appellant, the reviewing court may dismiss the appeal."

7

Superior Court shall immediately notify the Court of Appeal, and the appeal will be dismissed without further notice."

In the 45 days following this court's reinstatement of the appeal, Lee did not file a notice designating the record on appeal or a proof of service of the notice of appeal. On August 25, 2020 the clerk of the superior court issued a notice of non-compliance of default on appeal. The notice indicated Lee had failed to file and serve a notice designating the record on appeal and a proof of service of the notice of appeal. On September 1, 2020 this court received the superior court's August 25 notice. The next day this court again dismissed Lee's appeal for being in default, pursuant to California Rules of Court, rule 8.140(b). On September 17 Lee filed a motion to reinstate the appeal, which this court denied. Lee filed a petition for rehearing on October 15, 2020, which this court also denied.[8]

C.      *Lee's Ex Parte Application To Correct the Clerk's August 25, 2020 Notice*

On October 27, 2020 Lee filed an ex parte application for a "nunc pro tunc order to correct August 25, 2020 clerk's notice" (capitalization omitted), in which she argued the clerk's notice of non-compliance of default was filed in error because the required documents had already been timely filed by the clerk following the superior court's December 31, 2019 and March 23, 2020 orders. Lee argued, "The only way to restore the appeal is for the Superior Court to correct the record and to notify the Court of Appeal that the August 25th [n]otice was in error . . . ."

---

[8]      After the remittitur issued on November 5, 2020, Lee filed a motion to recall remittitur, which this court denied.

Bow Tie filed an opposition to the application, and after a hearing, on October 29, 2020 the superior court[9] denied Lee's application. The court reasoned, "The Court of Appeal, not this court, determines whether appellate documents were timely filed and served. . . . [T]he Court of Appeal twice denied [Lee's] requests to vacate the September 2, 2020 dismissal of the appeal." The court noted Lee had failed timely to file the documents required by the Court of Appeal's April 30, 2020 order reinstating Lee's appeal. "Accordingly, the Clerk's Notice was not issued in error and there is no basis for the orders sought by [Lee]."

Lee timely appealed from the order denying her ex parte application.

## DISCUSSION

A.    *We Decline To Find the Order Denying Lee's Ex Parte Application Is Nonappealable*

Bow Tie and United contend in their respondents' briefs that we lack jurisdiction over the appeal. We agree we do not have jurisdiction to decide Lee's contentions relating to the underlying judgment. Although we have serious concerns whether we have jurisdiction over Lee's challenge to the superior court's denial of her application to correct the clerk's August 25, 2020 notice, there is at least a colorable argument we do.

A trial court's order is appealable only when made so by statute. (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 ["The right to appeal is wholly

---

[9]    Judge Jessner.

9

statutory."]; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Under section 904.1, subdivision (a)(2), an appeal may be taken from an order made after an appealable judgment.[10] Despite the inclusive language of section 904.1, subdivision (a)(2), "not every postjudgment order that follows a final appealable judgment is appealable." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651; accord, *City of Santa Maria v. Adam* (2019) 43 Cal.App.5th 152, 161.) There are three requirements for an appealable postjudgment order: (1) the underlying judgment must be final and appealable under section 904.1, subdivision (a)(1); (2) the order must involve issues different from those addressed in the underlying judgment; and (3) the order must affect the judgment or relate to it by enforcing it or staying its execution. (*Lakin*, at pp. 651-652 & fn. 3; *City of Santa Maria*, at p. 161 [postjudgment order denying appellants' motion to clarify amended judgment is an appealable order relating to the scope of the judgment and thus its enforcement]; *Solis v. Vallar* (1999) 76 Cal.App.4th 710, 713 ["An order confirming a partition sale meets the three requirements

---

[10] On her notice of appeal, Lee checked the box indicating she was appealing "[a]n order or judgment under Code of Civil Procedure, § 904.1(a)(3)-(13)." Bow Tie and United argue subdivision (a)(3) through (13) of section 904.1 does not render the superior court's October 29, 2020 order appealable. However, we construe the appeal as one taken under subdivision (a)(2) because "[t]he notice of appeal must be liberally construed" and "is sufficient if it identifies the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).) The notice of appeal identifies the trial court's October 29 order as the order from which the appeal is taken.

developed by case law for an appealable order after judgment . . . ."].)

Here, the first requirement is satisfied—the underlying judgment after court trial was an appealable final judgment. However, to the extent Lee challenges the merits of the underlying judgment in her briefing, the second requirement (that the issues in the second appeal be different from those raised by the underlying judgment) is not met, and this portion of Lee's appeal is an improper attempt to "circumvent[] . . . the time limitations for appealing from the judgment." (*Lakin v. Watkins Associated Industries, supra*, 6 Cal.4th at p. 651; accord, *Hersey v. Vopava* (2019) 38 Cal.App.5th 792, 797 [appellate court cannot review the propriety of the damages award in judgment on an appeal from a postjudgment order].) Lee's contentions relating to the judgment and the attorneys' fees award are therefore not properly before us in this appeal.

By contrast, the order denying Lee's ex parte application to correct the clerk's August 25, 2020 notice of non-compliance meets the second requirement because it involves issues different from those addressed in the judgment in that it concerns Lee's default on appeal from the judgment. Bow Tie and United contend the third requirement—that the order must affect a judgment or relate to it by enforcing it or staying its execution— is not met because the order does not direct payment of money or performance of an act by Lee. Bow Tie and United read this requirement too narrowly because, as the Supreme Court has held, an order affects a judgment "indirectly at least, [where it] tends to an affirmance of the judgment." (*Wood v. Peterson Farms Co.* (1931) 214 Cal. 94, 98 [an order denying a motion for relief from default in the preparation of the reporter's transcript

is appealable because it has "the effect of precluding an appellant from presenting his case on appeal"].)  Here, as in *Wood*, it was the August 25 notice from the superior court that led this court to dismiss Lee's appeal in *Lee I*.  Lee sought by her ex parte application to correct the clerk's notice in order to cure her default and thereby reinstate her appeal from the judgment. Thus, it is at least arguable that the superior court's October 29, 2020 denial of her ex parte application is an appealable order, and we decline to find otherwise.

B.      *The Superior Court Did Not Err in Denying Lee's Request*

Lee contends the trial court erred in denying her request to correct the clerk's August 25, 2020 notice because it was inconsistent with the trial court's December 31, 2019 and March 23, 2020 minute orders ordering the clerk to file Lee's notice of appeal and notice designating the record on appeal, respectively.  But as Bow Tie and United point out, it is undisputed Lee did not comply with this court's April 30, 2020 order to file in the superior court within 45 days a notice designating the record on appeal and a proof of service of the notice of appeal.

Although Lee is correct the clerk previously filed the notice designating the record on appeal pursuant to the March 23, 2020 minute order, no proof of service of the notice of appeal was ever filed in the superior court, either by Lee or by the clerk.[11]  Lee's

---

[11]      To the extent the default was based on Lee's failure to file a notice designating the record on appeal, any error by the superior court in failing to correct this inaccuracy in the clerk's August 25, 2020 notice was harmless because even if the clerk had corrected this error, Lee would still have been in default.

December 30, 2019 ex parte application requested the superior court order the clerk to file Lee's notice of appeal with a November 15, 2019 date stamp.  The superior court's December 31, 2019 minute order granting Lee's ex parte application makes no mention of the filing of a proof of service.  And the notice of appeal filed by the clerk with a November 15, 2019 date stamp did not attach a proof of service.[12]

California Rules of Court, rule 8.25(a) provides, "(1) Before filing any document, a party must serve one copy of the document on the attorney for each party . . . .  (2) The party must attach to the document presented for filing a proof of service showing service on each person or entity required to be served under (1) . . . ."  Lee's failure to comply with this rule placed her in default as to the appeal in *Lee I*.  After this court dismissed and then reinstated Lee's appeal, it gave Lee 45 days to cure the default, but she did not.  Lee thereby "fail[ed] to take the action specified" in the notice of default, and Lee's appeal was properly dismissed.  (Cal. Rules of Court, rule 8.140(b)(1).)

## DISPOSITION

---

[12]    On December 2, 2021, following oral argument, Lee filed a "response" attaching what Lee's attorney describes as the "Notice of Appeal with Proof of Service."  However, the attached document was filed as exhibit 2 to Lee's October 27, 2020 ex parte application to correct the clerk's August 25, 2020 notice.  Neither the notice of appeal filed by the clerk on December 30, 2019 (file stamped November 15, 2019) nor the notice of appeal transmitted to this court includes a proof of service.

The order is affirmed.  Bow Tie and United are to recover their costs on appeal.


                                        FEUER, J.

We concur:


        PERLUSS, P. J.


        IBARRA, J.*

---

\*      Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.